1    **[COUNSEL LISTED ON NEXT PAGE]**

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10   Ann Ross, Dennis Ramos, Maurita Prasad,      Case No. C 07-02951 SI
     and Kelly Smith, individually and on behalf
11   of all others similarly situated,            **STIPULATION AND [PROPOSED]**
                                                   **ORDER GRANTING LEAVE FOR**
12                     Plaintiffs,                 **PLAINTIFFS TO FILE SECOND**
                                                   **AMENDED COMPLAINT**
13   vs.
                                                   Date:    May 2, 2008
14   U.S. BANK NATIONAL ASSOCIATION,               Time:    9:00 a.m.
     dba US Bank,                                  Ctrm:    10
15
                       Defendant.
16
                                                   Hon.  Susan Illston
17

18

19

20

21

22

23

24

25

26

27

28

1  JOSE R. MATA, (Cal. Bar No. 83724, Oregon Bar No. 80305)
   E-Mail: JMata@wagelawyer.com
2  BAILEY PINNEY, PC
   1498 SE Tech Center Place, Suite 290
3  Vancouver, WA 98683
   Telephone: (360) 567-2551
4  Fax: (360) 567-3331

5  BONNIE MAC FARLANE, (Cal. Bar No. 161526)
   E-Mail:  BMacfarlane@wagelawyer.com
6  BAILEY PINNEY, PC
   720 Howe Street, Suite 113
7  Sacramento, CA 95825
   Telephone: (916) 923-5537
8  Fax: (916) 923-5587

9  SUSAN SIMMONS SEEMILLER (Cal. Bar No. 150546)
   E-Mail: SSeemiller@wagelawyer.com
10 BAILEY PINNEY, PC
   840 County Square Drive
11 Ventura, CA 93003
   Telephone: (805) 339-9090
12 Fax: (805) 339-0090

13 Attorneys for Plaintiffs
   Ross, Ramos, Prasad, and Smith
14

15 JUDITH DROZ KEYES (CA State Bar No. 66408)
   STUART R. MILLER (CA State Bar No. 127766)
16 KATHLEEN D. POOLE (CA State Bar No. 228815)
   DAVIS WRIGHT TREMAINE LLP
17 505 Montgomery Street, Suite 800
   San Francisco, California 94111-6533
18 Telephone:     (415) 276-6500
   Facsimile:     (415) 276-6599
19 jkeyes@dwt.com
   stuartmiller@dwt.com
20

21 Attorneys for Defendant U.S. Bank National Association

22

23

24

25

26

27

28

Plaintiffs Ross, Prasad, Smith, and Ramos ("Plaintiffs") assert as follows:

1.    After the previous case management conference in this matter on March 7, 2008, Plaintiffs were instructed to file a motion for leave to file a second amended complaint no later than March 28, 2008.

2.    Plaintiff has previously provided to Defendant U.S. Bank National Association ("Defendant") a copy of the Proposed Second Amended Complaint that is attached as Exhibit A hereto.  In summary, this Proposed Second Amended Complaint would do the following:

a)    Add new plaintiffs Nannette Housken and Tamara Burkhart, who worked at US Bank in-store branches in California.

b)    Plead California Rule 23 subclasses for present and former employees of US Bank in-store branches in California.  The in-store branch classes are for alleged rest period violations, alleged meal period violations (including alleged off-the-clock work during a meal period), and alleged off-the-clock work during opening and closing a branch and after the expiration of a scheduled shift.

c)    Separately plead the California waiting time penalty class.

d)    Separately plead 1) an FLSA only Rounding claim collective for Oregon, Washington and California and 2) an FLSA only sales and service manager misclassification claim collective for Oregon and Washington.  The FLSA rounding claim collective is limited to only those employees who used an electronic time sheet similar to the ones used by Plaintiff Ramos.  The only named plaintiffs for these proposed FLSA collectives are Oregon plaintiffs Smith and Ramos.  Plaintiffs are intending to file a separate motion to clarify whether the *Colorado River* stay applies to the FLSA claims of Smith and Ramos.

e)    Reinstate the California lost time deduction claim because both Plaintiff Ross and Burkhart allege that they have that claim.

f)    Delete the dismissed Washington state claims and classes, the dismissed conversion claim, and the dismissed Oregon meal period claims and classes.

g)    Separately plead, without substantial modification, the stayed Oregon state law classes,

1          including the Oregon rest period and late pay classes.

2          h)     Plead federal court jurisdiction and correct minor defects.

3 Plaintiffs and Defendant stipulate as follows:

4 1.     Defendant consents and stipulates to the filing of the attached Proposed Second Amended

5        Complaint.

6 2.     Should the Court sign the Proposed Order allowing the filing of the Proposed Second

7        Amended Complaint, the Defendant's response to the Complaint shall be due on April 28,

8        2008.

9 3.     Oral argument regarding a motion for leave to file a second amended complaint, scheduled for

10        May 2, 2008, should be vacated.

11 4.     By entering into this stipulation, Defendant does not admit any of the allegations of or waive

12        any defenses to the Proposed Second Amended Complaint.

                            Respectfully Submitted,

15       Dated: March 28, 2008         BAILEY PINNEY PC

17                            By _____/s/_____
                              Jose R. Mata

18                            Attorneys for Plaintiffs Ross, Prasad, Smith
19                            and Ramos

20       Dated: March 28, 2008         DAVIS WRIGHT TREMAINE LLP

22                            By _____/s/_____
23                               Kathleen D. Poole

24                            Attorneys for Defendant
25                            U.S. BANK NATIONAL ASSOCIATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>ORDER</u>

On the stipulation of the parties, and good cause appearing therefor,

IT IS HEREBY ORDERED, that Plaintiffs are granted leave to file the attached Proposed Second Amended Complaint.  Defendant's response to the Second Amended Complaint shall be filed on or before April 28, 2008.  Oral argument regarding the Second Amended Complaint, now scheduled for May 2, 2008, is vacated.

Dated _____, 2008

_____
Susan Illston
United States District Judge

# EXHIBIT A

1    ~~Bailey, Pinney PC~~[†]
     ~~Shelby Clark~~, Cal. Bar No. 203606
2    ~~Lisa Sloman~~, Cal. Bar No. 244225
     ~~1498 SE Tech Center Place, Suite 290~~
3    ~~Vancouver, Washington 98683~~
     ~~Telephone: (360) 567-2551,~~
4    ~~Fax: (360) 567-3331~~
     ~~SClark@wagelawyer.com~~
5
     **JOSE R. MATA, Cal Bar No. 83724, OSB 80305**
6    **E-Mail: Jmata@wagelawyer.com**
     ~~DAVID A. SCHUCK, Pro Hac Vice, OSB No. 99356, WSB No. 37285~~
7    ~~E-Mail: Dschuck@wagelawyer.com~~
     **BAILEY PINNEY, PC**
8    **1498 SE Tech Center Place, Suite 290**
     **Vancouver, WA 98683**
9    **Telephone: 360-567-2551**
     **Fax: 360-567-3331**
10
     **SUSAN SIMMONS SEEMILLER Cal Bar No. 150546**
11   **E-Mail: SSeemiller@wagelawyer.com**
     **BAILEY PINNEY, PC**
12   **840 County Square Drive**
     **Ventura, CA 93003**
13   **Telephone: (805) 339-9090**
     **Fax:   (805) 339-0090**
14
     **BONNIE MACFARLANE, Cal Bar No. 161526**
15   **E-Mail: bmacfarlane@wagelawyer.com**
     **BAILEY PINNEY, PC**
16   **720 Howe Avenue, Suite 113**
     **Sacramento, CA 95825**
17   **Telephone: (800) 230-5528**
     **Fax: (800) 230-5866**
18
19   Attorneys for Plaintiffs Ann Ross, Dennis Ramos, Maurita Prasad,
     **Tamara Burkhart, Nanette Housken,** and Kelly Smith
20
21          ~~IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA~~

22              ~~IN AND FOR THE COUNTY OF ALAMEDA~~

23              **IN THE UNITED STATES DISTRICT COURT**

24          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

25    _____

26          [†]New matter is bolded and underlined.  Deleted matter is struck through or bracketed.

27    _____

28                              [Proposed] Second Amended Class Action Complaint
                         1                  – Case No. C07-002951-SI

1

2

3

4

5

6  Ann Ross, Dennis Ramos, Maurita Prasad,
   **Tamara Burkhart, Nanette Renee**
7  **Housken,** and Kelly Smith, individually and
   on behalf of all others similarly situated,

8                        Plaintiffs,

9  vs.

10 US Bank National Association, dba US
   Bank, and DOES One through TWENTY-
11 FIVE inclusive,
                        Defendant.

12

13

14

15

16

17

18

19

Case No. [RG07319452] <u>C07-02951 SI</u>

**PROPOSED SECOND AMENDED
CLASS ACTION COMPLAINT**

1. Failure to Pay Wages;
2. Failure to Pay Minimum Wages;
3. Failure to Pay Overtime Wages
   (Hourly);
4. Failure to Pay Overtime Wages
   (Misclassification as Exempt);
5. Improper Wage Deduction;
6. Failure to Provide Rest Periods;
7. Failure to Provide Meal Periods;
8. Failure to Timely Pay Wages (Late Pay);
9. Breach of Contract;
10. Conversion;
11. Failure to Provide Accurate Itemized
    Wage Statements;
12. Unfair Competition Law: Cal. Bus. &
    Prof. Code § 17200.

[Pursuant to the  Fair Labor Standards Act
of 1938, 29 U.S.C.§§ 201-219, and the
laws of the states of California, **and**
Oregon ~~and Washington~~]

**DEMAND FOR JURY TRIAL**

20

21        Plaintiffs, individually and on behalf of all other similarly situated, bring this complaint stating

22 a class action and a collective action against Defendant, US Bank National Association and allege the

23 following upon information and belief.  Those allegations concerning Plaintiffs are alleged upon

24 personal knowledge.

25                                    **<u>INTRODUCTION</u>**

26        1.        Plaintiffs, individually and on behalf of all other similarly situated individuals, file this

27

28

1  action to recover wages, minimum wages, overtime wages, statutory wages, penalty wages, and

2  liquidated damages, for present and former employees of Defendant for its actions in failing to pay all

3  wages due and owing, including minimum wages, overtime wages, and contract wages; making

4  improper wage deductions; failing to provide appropriate duty-free rest periods; failing to provide

5  appropriate uninterrupted meal periods; failing to provide accurate itemized wage statements; and

6  failing to timely pay wages when due at the termination of employment.  Throughout this Complaint,

7  "similarly situated individuals" refers to current and former hourly employees of Defendant in the

8  states of California and Oregon, and Washington, including without limitation Sales and Service

9  Managers ("SSMs") in the states of Oregon and Washington who were mis-classified as "exempt"

10  employees.

11  2.  Defendant, US Bank National Association, d.b.a. US Bank (hereinafter "US Bank") is a

12  national association bank. US Bank is the sixth largest commercial bank in the United States.

13  3.  US Bank operates 2,472 banking offices in 24 states, including **in** California and

14  Oregon, and Washington. US Bank conducts financial business in all 50 states.

15  **a. US Bank also operates about 500 "in-store" bank branch offices nationwide.**

16  **b. US Bank's in-store bank branch offices are branches located within the building**

17  **of a retail store that US Bank refers to as a "retail partner."**

18  4.  US Bank is a subsidiary of U.S. Bancorp, a diversified financial holding company which

19  had total assets of $219 billion at year-end 2006 and serves more than 14.2 million customers.

20  5.  Plaintiff Ann Ross was an hourly employee of Defendant and worked for Defendant in

21  **an in-store bank branch office in** Redondo Beach/Gardenia, California from approximately

22  September 2005 to May 2006.  **Ms. Ross also occasionally worked at two other in-store bank**

23  **branches.**  Ms. Ross **regularly** was deprived of ~~approximately six uninterrupted~~ **duty-free** rest periods

24  ~~per week to which she was entitled.~~  **Ms. Ross was also regularly deprived of 30 minute**

25  **uninterrupted meal periods.  Defendant did not pay Ms. Ross an additional hour of pay for**

26  **missed rest periods or for missed or interrupted meal periods as required by California Labor**

27

28

1    **Code Section 226.7.  Defendant improperly and without written authorization made deductions**

2    **from Ms. Ross's wages under the heading "Lost Time" or "LST" (hereafter jointly referred to as**

3    **"Lost Time").**  Ms. Ross was not paid for all wages earned.  **Defendant regularly suffered or**

4    **permitted Ms. Ross to work off-the-clock when performing duties associated with opening and**

5    **closing the office.**  Ms. Ross provided at least 72 hours notice of her intention to quit, yet did not

6    receive her final pay on her last day of employment.  Defendant did not timely pay **and still has not**

7    **paid** Ms. Ross her last paycheck pursuant to California law.  **Ms. Ross's unpaid final wages includes**

8    **unpaid vacation pay.**

9            6.      Plaintiff Maurita Prasad was an hourly employee of Defendant from December 8, 2003,

10   to January 17, 2005.  Ms. Prasad worked for Defendant **at an in-store branch office** in Pleasant Hill,

11   California.  Ms. Prasad regularly did not receive duty-free rest periods and regularly did not receive

12   uninterrupted **30 minute** meal periods.  **Defendant did not pay Ms. Ross an additional hour of pay**

13   **for missed rest periods or for missed or interrupted meal periods as required by California**

14   **Labor Code Section 226.7.   Defendant at times deducted purported meal periods from Ms.**

15   **Prasad's hours worked, even when she was working during the purported meal periods, when**

16   **she was not permitted to leave the US Bank's premises during the purported meal periods, or**

17   **when she was on call for at least a portion of the purported meal periods.  US Bank therefore**

18   **suffered or permitted Ms. Prasad to work off-the-clock during at least a portion of the above**

19   **purported meal periods.**  Ms. Prasad was not paid all her wages for time worked.  **Defendant**

20   **regularly suffered or permitted Ms. Prasad to work off-the-clock when performing duties**

21   **associated with opening and closing the office.  In addition, Defendant regularly required Ms.**

22   **Prasad to clock out after eight hours of work in a day – thereby attempting to avoid payment of**

23   **overtime for work in excess of 8 hours in a day under California law – and then suffered or**

24   **permitted Ms Prasad to work overtime off-the-clock.  Defendant also suffered or permitted Ms.**

25   **Prasad to work off-the-clock at other times.  A substantial portion of Ms. Prasad's off-the-clock**

26   **work was overtime.  US Bank has never paid Ms. Prasad for the off-the-clock work, and**

27   **therefore has not paid for such work at an overtime rate.**  Defendant terminated Ms. Prasad's

28   employment, yet failed to timely pay her final wages on her last day of employment, as required by

California law.

7.    **Plaintiff Tamara Burkhart worked for Defendant in Cameron Park, California, in an in-store bank branch office.  Ms. Burkhart was hired as an hourly employee in or about June, 2004 and worked for Defendant until about January 2005.  Defendant regularly failed to pay Ms. Burkhart either for all hours worked or for overtime that she worked.  Defendant failed to pay Ms. Burkhart 1 ½ times her regular hourly rate for the hours she worked in excess of 40 hours for a single workweek.  Defendant regularly failed to provide Ms. Burkhart duty-free rest periods during her employment.  Defendant regularly failed to provide Ms. Burkhart with 30 minute uninterrupted meal periods.  Defendant regularly deducted purported meal periods from Ms. Burkhart's hours worked when Ms. Burkhart was not allowed to leave Defendant's premises during the purported meal period, when Ms. Burkhart had to be on call during the purported meal period, or when Ms. Burkhart had to interrupt her meal period to serve customers.  Ms. Burkhart regularly worked off-the-clock during the above purported meal periods.  Defendant did not pay Ms. Burkhart an additional hour of pay for missed rest periods or for missed or interrupted meal periods as required by California Labor Code Section 226.7.  Defendant regularly suffered or permitted Ms. Burkhart to work off-the-clock when performing duties associated with opening and closing the office and when she worked outside of the office. US Bank has never paid Ms. Burkhart for the above off-the-clock time, and certainly has not paid for any of the off-the-clock time at an overtime rate.  Defendant regularly made unauthorized "Lost Time" deductions from Ms. Burkhart's wages.  When Ms. Burkhart's employment terminated, Defendant did not pay Ms. Burkhart all wages due within 72 hours of her last day of employment with Defendant.**

8.    **Plaintiff Nanette Renee Housken worked for Defendant in Stockton, California in an in-store bank branch office.  Ms. Housken was hired as an hourly employee in or about June 2004 and worked for Defendant until about July 2005.  Defendant regularly failed to pay Ms. Housken either for all hours worked or for overtime that she worked.  Defendant failed to pay Ms. Housken 1 ½ times her regular hourly rate for the hours that she worked in excess of 40 hours for a single work week.  Defendant regularly failed to provide Ms. Housken uninterrupted**

[Proposed] Second Amended Class Action Complaint
– Case No. C07-002951-SI

1    **rest periods during her employment.  Defendant regularly failed to provide Ms. Housken an**

2    **uninterrupted meal period during her employment.  Defendant regularly deducted purported**

3    **meal periods from Ms. Housken's pay when she was not allowed to leave Defendant's premises or**

4    **when the meal periods were interrupted by work during at least a portion of the purported meal**

5    **period.  Ms. Housken regularly worked off-the-clock during the above purported meal periods.**

6    **Defendant did not pay Ms. Housken an additional hour of pay for missed rest periods or for**

7    **missed or interrupted meal periods as required by California Labor Code Section 226.7.**

8    **Defendant regularly suffered or permitted Ms. Housken to work off-the-clock when performing**

9    **duties associated with opening and closing the office, when assisting customers after the**

10   **scheduled end of her shift, and when balancing the till. US Bank has never paid Ms. Housken for**

11   **the above off-the-clock work, and certainly has not paid for any of the off-the-clock work at an**

12   **overtime rate.  Although Ms. Housken provided more than 72 hours' notice that she was quitting**

13   **her employment with Defendant, Defendant failed to pay Ms. Housken all wages due on her last**

14   **day of employment with Defendant.**

15   ~~7.~~**9.**    Plaintiff Dennis Ramos was an hourly employee of Defendant and worked for

16   Defendant in Portland, Oregon. Mr. Ramos was hired in 2000 and was terminated by Defendant in

17   December 2005.  Defendant failed to pay for all hours Mr. Ramos worked. Mr. Ramos regularly

18   received no rest periods.  Defendant failed to pay Mr. Ramos the statutory minimum wage for all hours

19   worked.  Defendant failed to pay Mr. Ramos 1 ½ times his regular hourly rate for the hours he worked

20   in excess of 40 hours for a single workweek.  Defendant improperly and without written authorization

21   made deductions from Mr. Ramos's wages under the heading "Lost Time" or "LST" ~~(hereafter jointly~~

22   ~~referred to as "Lost Time")~~.  Defendant failed to pay Mr. Ramos all wages when due upon termination,

23   as required by Oregon law.

24   ~~8.~~**10.**    Plaintiff Kelly Smith worked for Defendant in Seaside, Oregon. Ms. Smith was hired as

25   an hourly employee in 1997 and continued to work for Defendant through 2006. Ms. Smith regularly

26   did not receive uninterrupted rest periods from August 2004 to August 2005. ~~Ms. Smith rarely received~~

27   ~~a duty-free uninterrupted meal period~~ During the relevant statutory period, representative Plaintiff

28   Kelly Smith ("Plaintiff Smith") was employed in the position of Sales and Service Manager ("SSM")

1   by Defendant in Oregon. Defendant mis-classified Plaintiff Smith as an exempt employee while she

2   held the SSM position. During this same time period when Plaintiff Smith worked as an SSM, she was

3   paid on a salary basis and regularly worked more than 40 hours in a single workweek.  Defendant failed

4   to pay Ms. Smith 1 ½ times her regular hourly rate for the hours she worked in excess of 40 hours for a

5   single workweek when she was employed in the SSM position. Defendant improperly and without

6   written authorization made "Lost Time" deductions from Ms. Smith's wages.  Defendant failed to

7   provide Ms. Smith with the required duty-free rest periods.  Defendant regularly failed to provide Ms.

8   Smith with uninterrupted meal periods.  Defendant failed to pay Ms. Smith for all her hours worked

9   and further failed to pay all her wages when due upon termination, as required by Oregon law.

10         [9] **11.**       Plaintiffs seek to represent other similarly situated individuals through this multi-state

11   class action and collective action in the State of California for class members who worked for

12   Defendant in California, Oregon and Washington.  The claims seek wages, damages, penalty wages,

13   statutory wages, liquidated damages, costs and attorney fees for Defendant's failure to pay all wages,

14   overtime wages, minimum wages, and wages when due upon termination, and for failing to provide

15   duty-free rest periods, and for failing to provide uninterrupted meal periods **to California employees**,

16   all as required by the laws of the states of California and Oregon **(no Oregon meal period violation**

17   **alleged due to dismissal of the claim)**, and Washington and pursuant to the Fair Labor Standards Act

18   of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

19                                          **JURISDICTION & VENUE**

20         [10] **12**.   The jurisdiction of this Court arises under Code of Civil Procedures § 410.10 because

21   Defendant conducts business in the State of California.  This Court has subject matter jurisdiction over

22   this Class and the representative action pursuant to California Business & Professions Code § 17200 *et*

23   *seq.*, California Code of Civil Procedure § 382, and other provisions of the California Codes, as well as

24   29 U.S.C. § 216(b).  **Defendant removed this case to federal court under 28 USC §§ 1441(a)-(c).**

25   **This Court has subject matter jurisdiction of the FLSA claims under federal question**

26   **jurisdiction pursuant to 28 U.S.C. § 1331 and under 28 USC § 216(b).  This Court has**

27   **supplemental jurisdiction over the state law claims under 28 U.S.C. Section 1367.  Plaintiffs**

28   **allege on information and belief that this Court has independent subject matter jurisdiction over**

[Proposed] Second Amended Class Action Complaint
                                                   – Case No. C07-002951-SI

1  **all claims under the Class Action Fairness Act, 28 U.S.C. Section 1332(d)(2), because this action is**

2  **pled as a class action, because the amount in controversy exceeds $5,000,000 exclusive of interest**

3  **and costs and because the alleged classes exceed 100 members.  Further, as further alleged in**

4  **Paragraphs 14 - 17, the named plaintiffs are each diverse from US Bank.**

5  [11] **13.**   ~~Venue is proper in Alameda County pursuant to Code of Civil Procedure § 395 and~~

6  ~~Cal. Bus. & Prof. Codes §§ 17202 and 17203 because US Bank is an out-of-state association and~~

7  ~~conducts substantial business within this county.~~  **Venue lies in the U.S. District Court for the**

8  **Northern District of California, San Francisco Division, under 28 USC. § 1391(b), 28 USC §**

9  **1441(a) and civil L.R. 3.2(d) because the removed state court action was filed in this District in**

10  **the County of Alameda and because this matter arose in this District.**

11                                      **PARTIES**

12  [12] **14.**   At all material times, Plaintiffs and all other similarly situated individuals were and

13  are current and former employees of Defendant in California, Oregon and/or Washington. Defendant is

14  subject to the wage and hour provisions of the FLSA and the wage and hour laws of California~~, Oregon~~

15  ~~and Washington~~ **and Oregon**.

16  [13] **15.**   Defendant is a national banking association organized and existing under the National

17  Bank Act with its Articles of Association designating Cincinnati, Ohio as the place of Defendant's main

18  office. Defendant also maintains corporate headquarters in Minneapolis, Minnesota. Defendant, at all

19  material times herein, was and is doing business as "US Bank" in the states of California, Oregon and

20  Washington.

21  [14] **16.**   At the time of filing this complaint, Plaintiffs **Burkhart, Housken,** Prasad and Ross

22  are individuals who reside in and are citizens of the State of California.

23  [15] **17.**   At the time of filing this complaint, Plaintiffs Ramos and Smith are individuals who

24  reside in and are citizens of the State of Oregon.

25                    **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

26  [16] **18.**   Representative Plaintiffs, Ann Ross, Dennis Ramos, Maurita Prasad, and Kelly

27  Smith, **Tamara Burkhart, and Nanette Housken** were employed by Defendant.  Ross, Prasad,

28  **Burkhart, and Housken** worked in California, and Ramos and Smith worked in Oregon.  Plaintiffs

1  and other similarly situated individuals performed the services required of them by Defendant during

2  their employment.

3      [17] **19**.   During Plaintiffs' employment, Defendant did not provide appropriate duty-free rest

4  periods, nor did Defendant provide uninterrupted meal periods, nor did Defendant pay all wages for all

5  work performed, nor did Defendant pay applicable minimum wages, nor did Defendant provided

6  accurate itemized wage statements, nor did Defendant pay overtime and/or "premium" wages when

7  required by law, nor did Defendant pay all wages when due.  During Plaintiffs' employment, Defendant

8  made unauthorized Lost Time deductions from Plaintiffs' wages.

9      [18] **20**.   US Bank exercises centralized control over all of its employees who work in

10  California, Oregon and Washington from its headquarters located in Minneapolis, Minnesota..

11      [19] **21**.   Defendant has a centralized payroll department that oversees all payroll for US Bank

12  for all of its locations throughout the United States including California, Oregon and Washington.

13      [20] **22**.   US Bank centrally controls staffing in California, Oregon and Washington. US Bank

14  regularly causes, suffers and permits its employees to work without the benefit of rest periods, or to

15  take their rest periods untimely.  US Bank regularly causes, suffers and permits its employees to be

16  interrupted during their lunch periods, or to work without the benefit of lunch periods.

17      [21] **23**.   US Bank records the hours and minutes worked by its employees each day then

18  converts the daily time worked to tenths of an hour.  Defendant has an express policy and/or practice of

19  truncating down the actual time worked by each hourly employee to the next lowest tenth of an hour.

20  This policy consistently under-recorded the actual "Daily Total" time worked by hourly employees,

21  and resulted in the nonpayment of wages, except when an hourly employee's actual time worked was

22  precisely divisible by one tenth of an hour.  Attached hereto as Exhibit A is a copy of a US Bank

23  "Sample Weekly Time Report," with a "conversion chart" showing and explaining that time worked is

24  to be rounded back to the earlier tenth of an hour.

25      [22] **24**.   On July 18, 2006, in sworn deposition testimony, Tom Christon, who was then

26  responsible for US Bank's nationwide payroll and "human resources information system" testified that

27  US Bank had since at least 2002 used a time sheet such as the one shown in Exhibit A, with such a

28  conversion chart.  He further testified that "the new time sheet would have been placed on the company

1  intranet for use by managers and distribution to the employees in their areas."  Mr. Christon further

2  testified that at the time of his testimony US Bank was using, and had used since 2004, an automated

3  electronic form that has the same effect as the "conversion chart" shown in Exhibit A **(hereinafter,**

4  **"automated converting time sheet")**.  That electronic form "would have application to all states" with

5  the possible exception of California, but specifically including Oregon. Mr. Christon said, "after the

6  math has been done using minutes and seconds, then the rounding takes place for the total. . . . Q: The

7  totals that are represented on the total hours worked are where the Excel spreadsheet does the rounding;

8  isn't that correct?  A: I believe so."  Later in his testimony Mr. Christon was asked, "if the employee

9  works from 8:00 in the morning till 12:11 that same morning [sic], that's 4 hours and 11 minutes.  Do

10  you agree?  A: That is 4 hours and 11 minutes. . . . Q: You would only pay them till 12.1, is that

11  correct, under you interpretation of the application of the time sheet?  A: Yes.  Q: Which is . . . 4 hours

12  and 6 minutes?  A: Yes."  **US Bank required Plaintiff Ramos to use the above automated**

13  **converting time sheet.**

14      [23] **25**.    Defendant made Lost Time deductions from Plaintiffs' wages for its own benefit,

15  without written authorization, and Defendant retained all Lost Time monies, in violation of the FLSA

16  and of the laws of California and Oregon.

17      [24] **26**.    Defendant failed to pay all wages for appropriate duty-free rest periods that

18  Defendant was required to provide Plaintiffs and class members under the states' laws, and further

19  failed to include the rest periods as wages when calculating wages due under the FLSA and the laws of

20  California, ~~Oregon and Washington~~ **and Oregon**.

21      [25] **27**.    Defendant failed to pay all wages for appropriate uninterrupted meal periods that

22  Defendant was required to provide Plaintiffs and class members under the states' laws, and further

23  failed to include the meal periods as wages when calculating wages due under the FLSA and the laws

24  of California, ~~Oregon and Washington~~.

25      [26] **28**.    Defendant failed to pay all wages for all hours worked, including regular wages,

26  overtime wages, and minimum wages as required by the FLSA and the state laws, regulations, and

27  rules of California, ~~Oregon and Washington~~ **and Oregon**.

28      [27] **29**.    Defendant required, suffered, and permitted Plaintiffs and all other similarly situated

1    individuals to work hours for which Defendant did not compensate them at the minimum rate of pay for

2    all hours worked.  In so doing, Defendant violated the requirements of the FLSA and the laws and

3    regulations of California, ~~Oregon and Washington~~ **and Oregon**.  Consequently, Defendant owes

4    Plaintiffs and all Defendant's employees who are similarly situated, regular wages, overtime wages, and

5    minimum wages, plus liquidated damages under the FLSA; plus, under Oregon law, penalty wages to

6    Oregon Plaintiffs and all similarly situated Oregon employees; plus, under California law, liquidated

7    damages and statutory wages to California Plaintiffs and similarly situated California employees; ~~plus,~~

8    ~~under Washington law, liquidated damages to similarly situated Washington  employees~~.

9        [28] **30**.    Defendant required, suffered and permitted Plaintiffs and all other similarly situated

10   employees to work hours in excess of 40 hours per week and, in California, in excess of 8 hours per

11   day, for which Defendant did not compensate those employees at the overtime premium rate (1-½ times

12   their regular hourly rate) for those overtime hours worked.  In so doing, Defendant violated the

13   requirements of the FLSA and of California, ~~Oregon and Washington~~ **and Oregon** laws, rules, and

14   regulations.  Consequently, Defendant owes Plaintiffs and all other similarly situated employees

15   overtime wages, liquidated damages, statutory penalties and penalty wages all as provided by the FLSA

16   and the laws and regulations of the states of California, ~~Oregon and Washington~~ **and Oregon**.

17       [29] **31.**    Pursuant to California law, Defendant is required to provide accurate itemized wage

18   statements for each pay period to Plaintiffs and all other similarly situated California employees.  Cal.

19   Lab. Code § 226.  Defendant failed to provide accurate itemized wage statements to California

20   Plaintiffs Ross and Prasad and all other similarly situated individuals.  Because Defendant failed to

21   provide accurate itemized wage statements, Defendant owes statutory damages to California Plaintiffs

22   Ross and Prasad and all other similarly situated California employees, as well as costs, interest, and

23   attorney fees.

24       [30] **32.**    Defendant's conduct in failing to provide appropriate rest periods and/or meal

25   periods; failing to pay all wages, including minimum wages and overtime wages; making unauthorized

26   Lost Time deductions; failing to provide accurate itemized wage statements; and failing to pay all

27   wages due and earned upon termination of employment; pursuant to the laws of California, ~~Oregon and~~

28   ~~Washington~~ **and Oregon (no Oregon meal period violation alleged due to prior dismissal)**, was

---

1  willful.

2      [31] **33.**   Defendant's conduct in failing to pay all minimum wages and overtime wages as

3  required under the FLSA, and in making Lost Time deductions as forbidden by the FLSA, was willful.

4      [32] **34.**   Defendant entered into a contract with Plaintiffs and all other similarly situated

5  individuals whereby Plaintiffs agreed to work for Defendant and Defendant agreed to pay all wages to

6  Plaintiffs and similarly situated individuals and further agreed to comply with the FLSA and the wage

7  and hour laws of the states of California, ~~Oregon and Washington~~ **and Oregon**.  Defendant breached

8  this contract when Defendant failed to pay all wages for time worked, made Lost Time deductions

9  without written authorization, failed to provide and/or pay for appropriate duty-free rest periods, failed

10  to provide and/or pay for appropriate uninterrupted meal periods **(no Oregon meal period violation**

11  **alleged due to dismissal)**, failed to pay all wages, including minimum wages and overtime wages, and

12  failed to timely pay wages at the termination of employment.  In so doing, Defendant caused harm to

13  Plaintiffs and all other similarly situated individuals.  As a result, Plaintiffs and all other similarly

14  situated individuals are owed wages and damages.

15      [33] **35.**   Defendant failed to make timely payment of all wages due when required by the laws

16  of California, ~~Oregon and Washington~~ **and Oregon**, when employment with Defendant ended for

17  Plaintiffs and all other similarly situated individuals.

18      [34] **36.**   Because Defendant failed to pay Plaintiffs and all other similarly situated individuals

19  for all regular wages, minimum wages, and overtime wages, and made unauthorized Lost Time

20  deductions, and failed to pay all wages when initially due and when due at termination, Defendant was

21  unjustly enriched.  Defendant requested by words and/or conduct that Plaintiffs and all other similarly

22  situated individuals provide services for Defendant.  Plaintiffs and all other similarly situated

23  individuals benefitted Defendant by providing services to Defendant.  Plaintiffs and all other similarly

24  situated individuals performed services as Defendant requested.  Defendant did not pay for the services

25  that Plaintiffs and all other similarly situated individuals performed.  As a result, Plaintiffs and all other

26  similarly situated individuals are entitled to unpaid wages, truncated wages, minimum wages, overtime

27  wages, statutory wages, penalty wages, interest from the time of the conversion; punitive damages; and

28  fair compensation for the time and money properly expended in pursuit of the property.

1    [35] **37.**   Defendant's actions and conduct, detailed herein, were part of a multi-state and/or

2    nationwide corporate conduct, practice, process, procedure, and plan, which affected employees who

3    worked for Defendant in the states of California, Oregon and Washington.  As a direct and proximate

4    result of Defendant's unlawful companywide conduct, Plaintiffs (1) were suffered, permitted and/or

5    required to work through mandatory rest periods which were required to be provided by the laws of the

6    states of California~~, Oregon and Washington~~ **and Oregon**, and were not paid the wages due for the

7    unprovided rest periods, (2) were suffered, permitted and/or required to work through mandatory meal

8    periods which were required to be provided by the laws of the states of California~~, Oregon and~~

9    ~~Washington~~, and were not paid the wages due for the unprovided meal periods, (3) were not paid all

10   wages for time worked, including but not limited to minimum wage and overtime, (4) were deprived of

11   wages through unauthorized Lost Time deductions, (5) were not provided accurate itemized wage

12   statements, (6) were not paid wages when due, and (7) were victimized by Defendant's policies and

13   practices set forth herein.  Plaintiffs and all other similarly situated individuals are entitled to recover

14   monies for the unprovided rest periods and interrupted meal periods including, but not limited to,

15   wages, statutory wages, minimum wages,"overtime" and/or "premium" wages, and penalty wages, as

16   provided by the FLSA and the laws, rules, and regulations of the states of California~~, Oregon and~~

17   ~~Washington~~ **and Oregon (no Oregon meal period violation alleged due to prior dismissal)**.

18   Plaintiffs and all other similarly situated individuals are additionally entitled to recover reasonable

19   attorney fees, costs, and interest.

20

21                              **CLASS ACTION ALLEGATIONS**

22   [36] **38.**   Plaintiffs bring this action on behalf of themselves and all other similarly situated

23   individuals, both in a representative capacity and as a class action pursuant to ~~California Code of Civil~~

24   ~~Procedure section 382~~ **Rule 23 of the Federal Rules of Civil Procedure**, and as a ~~collection~~ **collective**

25   action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. section 216(b).  Plaintiffs seek to

26   represent the following classes:

27           a.      All California, Oregon and Washington **(Washington plead only for FLSA Collective)**

28                   US Bank employees and former employees who were not fully and timely compensated

1    for all hours worked; and

2    b.    All California, Oregon and Washington **(Washington plead only for FLSA Collective)**

3    US Bank employees and former employees whom Defendant owes statutory remedies

4    for labor code violations.

5    [37] **39.**   This action has been brought and may properly be maintained as a class action

6    pursuant to the provisions of the ~~California Code of Civil Procedure Section 382~~ **Rule 23 of the**

7    **Federal Rules of Civil Procedure**.

8    [38] **40.**   This action has been brought and may properly be maintained as a collective action

9    pursuant to the provisions of the FLSA.

10    [39] **41.    NUMEROSITY OF THE CLASS** ~~— Code of Civ. Proc. § 382~~ **(FRCP Rule**

11    **23(a)(1)**: Members of the Class are so numerous that their individual joinder is impracticable.  The

12    precise number of members of the Class and their addresses is unknown to the Plaintiffs.  Plaintiffs

13    estimate the Class exceeds 10,000 persons. The precise number of persons in the Class and their

14    identities and addresses can be ascertained from Defendant's records.  Members of the Class may be

15    notified of the pendency of this action by mail.  This number may increase depending upon the

16    turnover rate of employees during the applicable statutory period prior to the filing of this complaint.

17    [40] **42.    ~~EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF FACT~~**

18    **~~AND LAW~~** ~~— Code of Civ. Proc. § 382~~ **COMMONALITY (FRCP Rule 23(a)(2)**: Common questions

19    of law and fact exist as to all members of the Class. ~~These questions predominate over the questions~~

20    ~~affecting only individual members of the Class.~~ These common legal and factual questions include:

21    A.    Whether Defendant paid all wages earned ~~when due~~;

22    B.    Whether Defendant provided Plaintiffs and class members with duty-free rest

23    periods as required;

24    C.    Whether Defendant provided Plaintiffs and class members with uninterrupted

25    meal periods as required **(California only)**;

26    D.    Whether Plaintiffs and class members were paid all minimum wages for time

27    worked;

28    E.    Whether US Bank unlawfully withheld money for "Lost Time" from Plaintiffs'

and class members' wages;

     F.     Whether US Bank obtained authorization from its employees for the "Lost Time" withholdings;

     G.     Whether US Bank could lawfully withhold funds from its employees' wages;

     H.     Whether Plaintiffs and class members were paid overtime/premium wages for time worked over 40 hours per week or (in California) over 8 hours per day;

     I.     Whether Defendant paid Plaintiffs and class members all wages when due after their employment ended;

     J.     Whether Defendant entered into a contract with Plaintiffs and class members;

     K.     Whether Defendant was unjustly enriched by services provided to Defendant by Plaintiffs and class members;

     ~~L.     Whether Defendant converted property belonging to Plaintiffs and class members;~~ and

     ~~M~~ **L**     Whether Defendant provided California Plaintiffs and class members with accurate itemized wage statements as required by California law.

[41] **43.**    **TYPICALITY** ~~Code Civ. Proc. § 382~~ **(FRCP Rule 23(a)(3)**: Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs worked for US Bank and are owed wages and/or damages for Defendant's failure to pay all earned wages, Defendant's failure to provide appropriate duty-free rest periods, **(in California)** Defendant's failure to provide appropriate uninterrupted meal periods, Defendant's failure to pay overtime and/or "premium" wages for hours worked in excess of 40 hours per week or (in California) in excess of 8 hours per day, Defendant's failure to pay minimum wages pursuant to state and federal law, Defendant's failure to timely pay wages upon termination of employment, and (in California) Defendant's failure to provide accurate itemized wage statements. The claims of the named Plaintiffs are typical of the claims of the members of the class in that:

     A.     At least one named plaintiff is a member of each class and/or subclass;

     B.     Plaintiffs' claims stem from the same practices or courses of conduct that form the basis of each class;

C.      Plaintiffs' claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances;

D.      There is no antagonism between the interests of the named Plaintiffs and absent class members; and

E.      The injuries which Plaintiffs suffered are similar to the injuries which class members have suffered.

[42] **44.      ADEQUACY OF PLAINTIFFS' REPRESENTATION** — Code Civ. Proc. § 382 **(FRCP Rule 23(a)(4)**: The named Plaintiffs will fairly and adequately represent the class because:

A.      There is no conflict between Plaintiffs' claims and those of other class and subclass members;

B.      Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation;

C.      Plaintiffs' claims are typical of the claims of class members; and

D.      The interests of the members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

[43] **45.      SUPERIORITY** — Code Civ. Proc. § 382 **(FRCP Rule 23(b)(3)**: a class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and members of the Class.   The damages suffered by each individual class member may be relatively small, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.   Moreover, even if class members themselves could afford such individual litigation, the court system could not.  Individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to all parties. The class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

[44] **46.      CERTIFICATION** – of Plaintiffs' claims is appropriate **under Rule 23(b)(3) of the Federal Rules of Civil Procedure** because:

A.      Common questions of law or fact predominate over questions affecting only

1  individual members;

2  B.   The forum is convenient to the parties, class members, and potential witnesses,

3  the class is specifically identifiable to facilitate provision of adequate notice,

4  and there will be no significant problems managing this case as a class action;

5  C.   A class action is superior to other available methods for the fair and efficient

6  adjudication of this controversy because individual class members have a

7  minimal interest in controlling the prosecution of separate actions;

8  [45] **47.   DEFINITION OF SUB-CLASSES** – Plaintiffs seek class certification including

9  but not limited to the following potential sub-classes, pursuant to ~~Code Civ. Proc. § 382~~ **FRCP Rule**

10  **23(b)(3)**, and collective action class and sub-classes under 29 U.S.C. § 216(b).

11  **A.   FLSA OVERTIME/MINIMUM WAGE COLLECTIVE (AUTOMATED**

12  **CONVERTING TIME SHEET): An FLSA overtime/minimum wage collective**

13  **exists under the FLSA for the applicable time period prior to the filing of this**

14  **complaint through final adjudication and/or compromise consisting of Plaintiff**

15  **Ramos and all other similarly situated individuals who were suffered or permitted**

16  **to use the automated converting time sheet in the states of California, Washington,**

17  **and Oregon.**

18  **B.   FLSA MIS-CLASSIFIED SALES AND SERVICE MANAGER**

19  **COLLECTIVE (OVERTIME) – An FLSA collective class exists for the applicable**

20  **time period prior to the filing of this complaint through final adjudication or**

21  **compromise that includes Plaintiff Smith and all other similarly situated**

22  **individuals who worked as SSMs for Defendant for more than 40 hours per week**

23  **in Oregon or Washington and were classified as "exempt" from overtime pay**

24  **under the FLSA, were not in fact exempt, and thereby were deprived of overtime**

25  **an "premium" pay to which they were entitled.**

26  **C.   CALIFORNIA WAITING TIME PENALTY CLASS – A class exists for**

27  **the  applicable time period prior to the filing of this complaint through final**

28  **adjudication and/or compromise consisting of Plaintiffs and all other similarly**

situated individuals whose employment with Defendant ended and who were not paid all wages when required by California Labor Code Sections 201-203. Remedies sought for these potential class members includes:

    **1)**    **Payment of unpaid wages, including any overtime;**

    **2)**    **Waiting time penalties under California Labor Section 203;**

    **3)**    **Applicable PAGA remedies;**

    **4)**    **Restitution for unfair business practices under the California Business and Professions Code.**

**D.**    **CALIFORNIA IN-STORE BRANCH OFFICES – OFF-THE CLOCK – A class exists for the applicable time period prior to the filing of the original complaint through final adjudication or compromise that includes California in-store branch office employees of Defendant who Defendant suffered or permitted to work off-the-clock: 1) when performing duties associated with opening and closing of the office; 2) when their scheduled shift was over.  Remedies sought for these California in-store branch office employees includes:**

    **1)**    **Payment of wages owed for the off-the-clock work;**

    **2)**    **Payment of minimum wages owed for the off-the-clock work;**

    **3)**    **Payment of overtime premium wages owed for the off-the-clock work that constituted overtime work under California law;**

    **4)**    **Waiting time penalties under California Labor Code Section 203 for Defendant's failure to pay wages owed for the off-the-clock work at the termination of employment;**

    **5)**    **Penalties under California Labor Code Section 226 for Defendant's failure to provide accurate itemized wage statements due to the off-the-clock work;**

    **6)**    **Applicable PAGA penalties; and**

    **7)**    **Restitution under for unfair business practices under the California Business and Professions Code.**

**E.     CALIFORNIA IN-STORE BRANCH OFFICES – REST PERIOD CLASS – A class exists for the applicable time period prior to the filing of the original complaint through final adjudication that includes California in-store branch office employees of Defendant to whom Defendant did not provide were rest periods as required under California law.  Relief sought for this class includes:**

**1)     Payment of the additonal hour of pay required by California Labor Code Section 226.7;**

**2)     Payment of waiting time penalties for failure to pay the additional hour of pay timely upon termination of employment under California  Labor Code Section 203;**

**3)     Applicable PAGA penalties; and**

**4)     Restitution under for unfair business practices under the California Business and Professions Code.**

**F.     CALIFORNIA IN-STORE BRANCH OFFICES – MEAL PERIOD CLASS – A class exists for the applicable time period prior to the filing of the original complaint through final adjudication that includes California in-store branch office employees of Defendant who were either not provided uninterrupted meal periods and/or who were suffered or permitted to work off-the-clock during purported meal periods.  As alleged above, the off-the-clock work occurred because Defendant deducted purported meal periods from these employees' hours worked even though these employees worked at least a portion of the purported meal period, were on call during the purported meal period, or were not allowed to leave Defendant's premises during the purported meal perid.  Relief sought for these California in-store branch employees includes the following:**

**1)     Payment of the additional hour of pay required by California Labor Code Section 226.7;**

**2)     Payment of wages owed, including overtime wages, for the off-the-clock work;**

**3)** **Waiting time penalties under California Labor Code Section 203 due to the failure to timely pay at the time of the employee's termination the additional hour of pay under Labor Code Section 226.7 and the wages, including overtime wages, due based on the off-the-clock work during the purported meal periods;**

**4)** **Penalties under California Labor Code 226 for inaccurate itemized wage statements;**

**5)** **Applicable PAGA penalties; and**

**6)** **Restitution under for unfair business practices under the California Business and Professions Code.**

**G.** **CALIFORNIA LOST TIME DEDUCTION CLASS – A class exists for the applicable time period prior to the filing of this complaint through final adjudication or compromise consisting of Plaintiffs and all other similarly situated individuals who worked for Defendant in California~~from~~ whom Defendant withheld Lost Time deductions from their wages without their written authorization.**

**A~~H~~.** **UNPAID WAGES CLASS –** A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked hours for Defendant and were not paid at their regular hourly rate for all hours worked as required by the laws, rules, or regulations of ~~California, Oregon and Washington~~ **Oregon**.  **(Stayed as of filing date of Second Amended Complaint).**

**B~~I~~.** **MINIMUM WAGE CLASS –** A class exists for the applicable time period prior to the filing of this complaint through final adjudication and/or compromise consisting of Plaintiffs and all other similarly situated individuals who worked for Defendant and were not paid wages at the minimum wage rate for all hours worked as required by ~~the FLSA and~~ the laws, rules, or regulations

1    of California, Oregon and Washington **Oregon**.  **(Stayed as of filing date of**

2    **Second Amended Complaint).**

3    ~~C~~ **J**.    **OVERTIME CLASS (HOURLY)** –  A class exists for the applicable time

4    period prior to the filing of this complaint through final adjudication and/or

5    compromise consisting of  Plaintiffs and all other similarly situated individuals

6    who worked for Defendant ~~for more than 8 hours in a day in California, or~~ more

7    than 40 hours in a week in ~~California, Oregon and Washington~~ **Oregon** and

8    were not paid at the applicable premium rate for all hours worked in excess of

9    the statutory maximum hours per day/week as required by ~~the FLSA or~~ the

10   laws, rules, or regulations of ~~California, Oregon and Washington~~ **Oregon**.

11   **(Stayed as of filing date of Second Amended Complaint).**

12   ~~D.~~    ~~**MIS-CLASSIFIED SSM CLASS (OVERTIME)** – A class exists for the~~

13   ~~applicable time period prior to the filing of this complaint through final~~

14   ~~adjudication and/or compromise consisting of Plaintiffs and all other similarly~~

15   ~~situated individuals who worked as SSMs for Defendant for more than 40 hours~~

16   ~~per week in Oregon and/or Washington, were classified and/or treated by~~

17   ~~Defendant as employees "exempt" from overtime pay under the FLSA, were not~~

18   ~~in fact exempt, and thereby were deprived of overtime and/or "premium" pay to~~

19   ~~which they were entitled.~~

20   ~~E~~ **K**.    **LOST TIME DEDUCTION CLASS –** A class exists for the applicable time

21   period prior to the filing of this complaint through final adjudication and/or

22   compromise consisting of Plaintiffs and all other similarly situated individuals

23   who worked for Defendant in ~~California, Oregon and Washington~~ **Oregon** and

24   from whom Defendant withheld Lost Time deductions from their wages without

25   their written authorization. **(Stayed as of filing date of Second Amended**

26   **Complaint).**

27   ~~F.~~    ~~**BREACH OF CONTRACT CLASS** – A class exists for the  applicable time~~

28   ~~period prior to the filing of this complaint through final adjudication and/or~~

1    ~~compromise consisting of Plaintiffs and all other similarly situated individuals~~

2    ~~who worked for Defendant and were promised, as a condition of employment,~~

3    ~~that Defendant would comply with both federal and state wage and hour laws~~

4    ~~including providing and/or paying for appropriate duty-free rest periods,~~

5    ~~providing and/or paying for uninterrupted meal periods, paying minimum~~

6    ~~wages, paying overtime wages, and paying all final wages when due at the~~

7    ~~termination of employment. Defendant breached the employment contracts by~~

8    ~~failing to pay all wages, duty-free rest periods and/or rest period wages,~~

9    ~~uninterrupted meal periods and/or meal period wages, minimum wages,~~

10    ~~overtime wages and failing to pay all wages when due upon the ending of the~~

11    ~~employment relationship. In addition, Defendant by repeatedly failing to meet~~

12    ~~its obligations under the contracts of employment also breached the duty of~~

13    ~~good faith and fair dealing that is implicit in every contract.~~

14    ~~G.     **CONVERSION CLASS** – A class exists for the applicable time period prior to~~

15    ~~the filing of this complaint through final adjudication and/or compromise~~

16    ~~consisting of Plaintiffs and all other similarly situated individuals who worked~~

17    ~~for Defendant and whose monies were converted by Defendant's actions in~~

18    ~~failing to provide appropriate rest periods and/or meal periods, failing to pay~~

19    ~~wages, including minimum wages and overtime wages, and failing to timely pay~~

20    ~~all wages as required by contract and by the laws, rules, or regulations of~~

21    ~~California, Oregon and Washington.~~

22    ~~H~~ **L**.     **LATE PAYMENT/WAITING TIME CLASS** – A class exists for the

23           applicable time period prior to the filing of this complaint through final

24           adjudication and/or compromise consisting of Plaintiffs and all other similarly

25           situated individuals whose employment with Defendant ended and who were

26           not paid all wages when due as required by the laws, rules, or regulations of

27           ~~California, Oregon and Washington~~ **Oregon**. **(Stayed as of filing date of**

28           **Second Amended Complaint).**

1    I**M**.    **UNPAID REST PERIOD STATUTORY CLASS** – A class exists for the

2              applicable time period prior to the filing of this complaint through final

3              adjudication and/or compromise consisting of Plaintiffs and all other similarly

4              situated individuals who worked for Defendant and who Defendant failed to pay

5              all wages, statutory wages, and penalty wages for Defendant's failure to provide

6              appropriate duty-free rest periods as required by the laws, rules, or regulations

7              of ~~California, Oregon and Washington~~ **Oregon**.  **(Stayed as of filing date of**

8              **Second Amended Complaint).**

9    ~~J.    **UNPAID MEAL PERIOD STATUTORY CLASS** – A class exists for the~~

10             ~~applicable time period prior to the filing of this complaint through final~~

11             ~~adjudication and/or compromise consisting of Plaintiffs and all other similarly~~

12             ~~situated individuals who worked for Defendant and who Defendant did not pay~~

13             ~~for all wages, statutory wages, and penalties for interrupted meal periods as~~

14             ~~required by the laws, rules, or regulations of California, Oregon and~~

15             ~~Washington.~~

16   ~~K.    **ITEMIZED WAGE STATEMENT CLASS** (California only) A class exists~~

17             ~~for the applicable time period prior to the filing of this complaint through final~~

18             ~~adjudication and/or compromise consisting of Plaintiffs and all other similarly~~

19             ~~situated individuals who worked for Defendant and whose wage statements~~

20             ~~provided by Defendant were inaccurate or not provided as required by~~

21             ~~California law.~~

22   ~~L.    **BUSINESS AND PROFESSIONS CLASS** (California only) A class exists for~~

23             ~~the  applicable time period prior to the filing of this complaint through final~~

24             ~~adjudication and/or compromise consisting of Plaintiffs and all other similarly~~

25             ~~situated individuals who worked in the State of California and who worked~~

26             ~~during mandatory rest periods and/or meal periods, or were not paid wages,~~

27             ~~including minimum wages, or overtime wages, and/or who did not receive all~~

28             ~~wages when due as required by California law.~~

**FIRST CAUSE OF ACTION**

**(Failure to Pay Wages)**

[46] **48.**   Plaintiffs incorporate the allegations contained in all preceding paragraphs as though fully set forth herein.

[47] **49.**   At all times material herein, Plaintiffs and all other similarly situated individuals were employed by Defendant.

[48] **50.**   During the class period, Defendant failed to pay wages as required by **the laws of** California, ~~Oregon and Washington laws~~ **and Oregon**.

[49] **51.**   During the course of Plaintiffs' and class members' employment, Defendant allowed, suffered, and permitted Plaintiffs and all other similarly situated individuals to perform work for the benefit of Defendant and did not pay wages for the work performed, **including time that Plaintiffs and all other similarly situated individuals worked off-the-clock.  As alleged above, for California in-store branch office employees, this off-the-clock work included work associated with the opening and closing of the office and work after the completion of the scheduled shift.**

[50] **52.**   US Bank recorded the hours and minutes worked by its employees then converted that time worked to tenths of an hour.  Defendant has an express policy, practice, and procedure of truncating down the actual time worked by each hourly employee to the next lower tenth of an hour. This policy consistently reduced the actual time worked by hourly employees, and resulted in the non-payment of wages, except when an hourly employee's actual time worked was precisely divisible by 1/10th of an hour.

[51] **53.**   As a result, Plaintiffs and all other similarly situated individuals are entitled to wages pursuant to **the laws of** California, ~~Oregon and Washington laws~~ **and Oregon**.

[52] **54.**   Defendant's policy, practice, and procedure of rounding time worked to the next lower tenth of an hour was set and implemented by Defendant's centralized payroll department for all employees in California, Oregon and Washington.

[53] **55.**   Defendant's conduct in failing to pay Plaintiffs and all other similarly situated individuals for all work performed was willful, and there remains due and unpaid wages in amounts to be determined.

1    [54] **56.**   Plaintiffs, on their own behalf and on behalf of all other similarly situated

2   individuals, seek as damages, wages in an amount to be determined, statutory and penalty wages, pre-

3   judgment and post-judgment interest, attorney fees, and costs, pursuant to the laws, rules, or

4   regulations of California~~, Oregon and Washington~~ **and Oregon**.  Pursuant to the Private Attorneys

5   General Act of 2004, California Labor Code § 2698 *et seq.*, Plaintiffs have received notice from the

6   California Labor and Workforce Development Agency of ~~Target's~~ **US Bank's** violations of California

7   law including, but not limited to, Cal. Lab. Code §§ 201, 202, 203, 226, 226.7, 510, 512, 516, and

8   1194.  Plaintiffs are entitled to receive civil penalties and attorney's fees pursuant to the Private

9   Attorney General Act of 2004, Cal. Lab. Code § 2698 *et seq.*, including but not limited to Cal. Lab.

10   Code §§ 227.3 and  2699.

11                        **SECOND CAUSE OF ACTION**

12                        **(Failure to Pay Minimum Wage)**

13    [55] **57.**   Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

14   fully set forth herein.

15    [56] **58.**   At all times material herein, Plaintiff and all other similarly situated individuals were

16   employed by Defendant.

17    [57] **59.**   During the class period, Defendant failed to pay minimum wages for all hours

18   worked to Plaintiffs and all other similarly situated individuals as required by the FLSA or by the

19   laws, rules, or regulations of California~~, Oregon and Washington~~ **and Oregon.**.

20    [58] **60.**   During the course of Plaintiffs' and all other similarly situated individuals'

21   employment, Defendant allowed, suffered, and permitted Plaintiffs and all other similarly situated

22   individuals to perform work for the benefit of Defendant**, including work performed off-the-clock**.

23   **As alleged above, for California in-store branch office employees, this off-the-clock work**

24   **included work associated with the opening and closing of the office and work after the**

25   **completion of the scheduled shift.**

26    [59] **61.**   Defendant wrongfully deducted and/or withheld Lost Time wages from Plaintiffs

27   Ramos**, Ross, Burkhart** and Smith and all other similarly situated individuals, causing Plaintiffs

28   Ramos and Smith and all other similarly situated individuals to be paid at less than the then prevailing

1   minimum wage rates when those wages were due.

2       [60] **62.**   Defendant failed and refused to compensate Plaintiffs and all other similarly situated

3   individuals for all hours of work performed**, including work performed off-the-clock,** by Plaintiffs

4   and all other similarly situated individuals.

5       [61] **63.**   Defendant failed and refused to compensate Plaintiffs and all other similarly situated

6   individuals at the then-prevailing hourly rate of pay for each and all hours worked.

7       [62] **64.**   As a result, Plaintiffs and all other similarly situated individuals are entitled to

8   minimum wages pursuant to the FLSA and the laws, rules, or regulations of California, ~~Oregon and~~

9   ~~Washington~~ **and Oregon**.

10      [63] **65.**   Defendant's conduct in failing to pay Plaintiffs and all other similarly situated

11  individuals for each and all hours worked at the then prevailing minimum wage rates was willful, and

12  there remains due and unpaid minimum wages in amounts to be determined.

13      [64] **66.**   Plaintiffs, on their own behalf and on behalf of all other similarly situated

14  individuals, seek damages for failure to pay minimum wages for each and all hours worked; liquidated

15  damages under the FLSA; liquidated damages pursuant to California ~~and Washington~~ law; and 30

16  days of penalty wages pursuant to Oregon law, plus pre-judgment and post-judgment interest on all

17  damage amounts, plus costs and attorney fees.  Pursuant to the Private Attorneys General Act of 2004,

18  California Labor Code § 2698 *et seq*., Plaintiffs have received notice from the California Labor and

19  Workforce Development Agency of ~~Target's~~ **US Bank's** violations of California law including, but

20  not limited to, Cal. Lab. Code §§ 201, 202, 203, 226, 226.7, 510, 512, 516, and 1194.  Plaintiffs are

21  entitled to receive civil penalties and attorney's fees pursuant to the Private Attorney General Act of

22  2004, Cal. Lab. Code § 2698 *et seq*., including but not limited to Cal. Lab. Code §§ 1197.1 and 2699.

23                              **THIRD CAUSE OF ACTION**

24                      **(Failure To Pay Overtime, Hourly Employees)**

25      [65] **67.**   Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

26  fully set forth herein.

27      [66] **68.**   Plaintiffs and all other similarly situated individuals were employed by Defendant

28  and paid on an hourly basis at some material time during their employment by Defendant.

___

1    [67] **69.**    Defendant failed and refused to compensate Plaintiffs and all similarly situated

2    individuals for all hours worked over 40 hours per week, or in California all hours worked over 8

3    hours per day, at the rate of 1-½ times their regular hourly rate of pay.  **These hours worked included**

4    **hours that Defendant suffered or permitted to be worked off-the-clock.  As alleged above, for**

5    **California in-store branch office employees, this off-the-clock work included work associated**

6    **with the opening and closing of the office and work after the completion of the scheduled shift.**

7    [68] **70.**    During the class period, Defendant failed to pay overtime wages and premium wages

8    to Plaintiffs and all other similarly situated individuals as required by the FLSA and the laws, rules, or

9    regulations of  California, ~~Oregon and Washington~~ **and Oregon**.

10    [69] **71.**    As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiffs

11    and all other similarly situated individuals to perform work over 40 hours per week, or in California

12    over 8 hours per day, for the benefit of Defendant for which Defendant did not pay at the overtime

13    rate, Plaintiffs and all other similarly situated individuals are entitled to unpaid overtime wages

14    pursuant to the FLSA and the laws, rules, or regulations of California, ~~Oregon and Washington~~ **and**

15    **Oregon**.

16    [70] **72.**    Defendant's conduct in failing to pay overtime premium wages as alleged herein was

17    willful, and there remain due and unpaid overtime wages in amounts to be determined.

18    [71] **73.**    Plaintiffs, on their own behalf and on behalf of all other similarly situated

19    individuals, seek damages in the form of wages and premium wages for Defendant's failure to pay

20    overtime wages in amounts to be determined.  In addition, Plaintiffs and others similarly situated seek

21    liquidated damages under the FLSA; liquidated damages and statutory wages pursuant to California

22    law; ~~treble damages pursuant to Washington law~~; and 30 days of penalty wages pursuant to Oregon

23    law; plus pre-judgment and post-judgment interest on all damages amounts; plus costs and attorney

24    fees under the FLSA, and under the laws, rules, or regulations of California, ~~Oregon and Washington~~

25    **and Oregon**.  Pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698 *et*

26    *seq.*, Plaintiffs have received notice from the California Labor and Workforce Development Agency of

27    ~~Target's~~ **US Bank's** violations of California law including, but not limited to, Cal. Lab. Code §§ 201,

28    202, 203, 226, 226.7, 510, 512, 516, and 1194.  Plaintiffs are entitled to receive civil penalties and

1    attorney's fees pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 *et seq*.,

2    including but not limited to Cal. Lab. Code §§ 558 and 2699.

3                              **FOURTH CAUSE OF ACTION**

4              **(Failure To Pay Overtime, Sales and Service Managers)**

5         [72] **74.**   Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

6    fully set forth herein.

7         [73] **75.**   At some material time during their employment with Defendant, Plaintiff Smith and

8    all other similarly situated individuals in Oregon and Washington were employed by Defendant in the

9    position of Sales and Service Manager ("SSM"), and were paid on a salary basis.

10        [74] **76.**   The SSM position required Plaintiff Smith and other similarly situated individuals to

11   perform routine jobs such as providing teller services, customer service, and pulling and printing

12   reports designated by US Bank.

13        [75] **77.**    The primary nature of Plaintiff Smith's, and others similarly situated individuals',

14   work as a SSM did not involve the exercise of discretion or independent judgment.

15        [76] **78.**   Defendant mis-classified the SSM position as exempt in Oregon and Washington.

16        [77] **79.**   Plaintiff Smith and all other similarly situated individuals in Oregon and Washington

17   worked for Defendant as SSMs and worked more than 40 hours per week while so employed.

18        [78] **80.**   Defendant allowed, suffered, and permitted Plaintiff Smith and its SSM employees

19   in Oregon and Washington to work hours in excess of 40 hours per week, for which it did not

20   compensate its employees at the rate of 1½ times their regular rate of pay.  In so doing, Defendant

21   violated the requirements of the FLSA, and Oregon wage and hour laws that require employees to be

22   paid 1½ times their regular hourly rate for all hours worked over 40 in a workweek.

23        [79] **81.**   As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiff

24   Smith and all other similarly situated individuals to perform work for the benefit of Defendant for

25   which Defendant did not pay at the overtime rate, Plaintiff Smith and all other similarly situated

26   individuals in Oregon and Washington who worked for Defendant as SSMs are entitled to unpaid

27   overtime wages and liquidated damages pursuant to the FLSA ~~and Washington law~~.

28        [80] **82.**   As a result of Defendant's conduct of allowing, suffering, and permitting Plaintiff

1  Smith and all other similarly situated in Oregon who worked for Defendant in Oregon as SSMs to

2  perform work for the benefit of Defendant, for which Defendant did not pay at the overtime rate,

3  Plaintiff Smith and all other similarly situated who worked for Defendant in Oregon as SSMs are

4  entitled to wages and penalty wages under Oregon law.

5      [81] **83.**   Defendant's conduct in respect to overtime pay as alleged herein was willful, and

6  there remain due and unpaid overtime wages in amounts to be determined.

7      [82] **84.**   Plaintiff Smith, on her own behalf and on behalf of all other similarly situated

8  individuals in Oregon and Washington, seek damages in the form of wages and overtime premium

9  wages for Defendant's failure to pay overtime wages in amounts to be determined.  In addition,

10 Plaintiff Smith and all similarly situated individuals in Oregon and Washington seek liquidated

11 damages under the FLSA  and for those SSMs who worked in Oregon, seek an additional 30 days of

12 penalty wages pursuant to Oregon law, along with interest on all damages amounts, plus costs and

13 attorney fees.  ~~Pursuant to the Private Attorneys General Act of 2004, California Labor Code § 2698 *et*~~

14 ~~*seq*., Plaintiffs have received notice from the California Labor and Workforce Development Agency of~~

15 ~~Target's violations of California law including, but not limited to, Cal. Lab. Code §§ 201, 202, 203,~~

16 ~~226, 226.7, 510, 512, 516, and 1194.  Plaintiffs are entitled to receive civil penalties and attorney's~~

17 ~~fees pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 *et seq*., including~~

18 ~~but not limited to Cal. Lab. Code §§ 558 and 2699.~~

19                          **FIFTH CAUSE OF ACTION**

20                     **(Unauthorized Lost Time Deductions)**

21     [83] **85.**   Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

22 fully set forth herein.

23     [84] **86.**   At all times material herein, Plaintiffs and all other similarly situated individuals

24 were employed by Defendant.

25     [85] **87.**   During the course of Plaintiffs' and all other similarly situated individuals'

26 employment, Defendant regularly withheld and deducted wages from Plaintiffs **Ross, Burkhart,**

27 Ramos and Smith and other similarly situated class members under the earning description "Lost

28 Time" and/or "LST".

1    [86] **88.**    The deduction of Lost Time was for Defendant's benefit.

2    [87] **89.**    Neither the named Plaintiffs nor any other similarly situated individuals gave written

3    authorization for Defendant's Lost Time deductions.

4    [88] **90.**    Defendant's deduction of wages under the title Lost Time does not meet any

5    exception set out in ORS 652.610 or in Cal. Lab. Code § 224.

6    [89] **91.**    As a result of Defendant's wrongful deduction/withholding, Defendant failed to pay

7    Plaintiffs and all other similarly situated individuals all their wages due on payday as required by ORS

8    652.120 and ORS 653.010(10) and by Cal. Lab. Code §§ 204 and 221.

9    [90] **92.**    Where Defendant's wrongful deduction/withholding resulted in Defendant failing to

10    pay all minimum wages on payday as required by ORS 652.120 and 653.025, by Cal. Lab. Code §§

11    204 and 1194, and by the FLSA, the affected Plaintiffs or other similarly situated individuals are

12    entitled to all unpaid minimum wages, plus penalty wages.

13    [91] **93.**    Where Defendant's wrongful deduction/withholding resulted in Defendant failing to

14    pay all wages due upon termination as required by ORS 652.140, and by Cal. Lab. Code §§ 201 and

15    202, the affected Plaintiffs or other similarly situated individuals are entitled to all unpaid wages, plus

16    penalty wages.

17    [92] **94.**    Plaintiffs, on their own behalf and on behalf of all other similarly situated

18    individuals, seek damages; statutory penalties under ORS 652.615; penalty wages under ORS 653.055

19    and ORS 652.150 and under Cal. Lab. Code § 203; costs, disbursements and attorney fees under ORS

20    652.200 and ORS 653.055 and Cal. Lab. Code § 218.5; liquidated damages under the FLSA; and pre-

21    judgment and post-judgment interest on all damage amounts.

22                                        **SIXTH CAUSE OF ACTION**

23                                    **(Failure to Provide Rest Periods)**

24    [93] **95.**    Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

25    fully set forth herein.

26    [94] **96.**    At all times material herein, Plaintiffs and all other similarly situated individuals

27    were employed by Defendant.

28    [95] **97.**    California and Oregon laws provide for minimum employment conditions to be

_____

1   followed by all employers in each state.  California laws require that employees receive a duty-free

2   paid rest period of not less than 10 minutes for each period of four hours worked or major fraction

3   thereof.  Oregon laws parallel California law.

4       [96] **98.**   During the class period, Defendant failed to pay statutory wages pursuant to Cal.

5   Lab. Code § 226.7.  Defendant also failed to pay Plaintiffs and all other similarly situated individuals

6   for 10 minutes of duty-free rest time as required by Oregon law.

7       [97] **99.**   Plaintiffs and all other similarly situated individuals seek unpaid wages, statutory

8   wages, and penalty wages.  In addition, Plaintiffs and similarly situated seek costs, pre-judgment and

9   post-judgment interest, disbursements, and attorney fees pursuant to the laws, rules, or regulations of

10  California or Oregon.  Pursuant to the Private Attorneys General Act of 2004, California Labor Code §

11  2698 *et seq.*, Plaintiffs have received notice from the California Labor and Workforce Development

12  Agency of ~~Target's~~ **US Bank's** violations of California law including, but not limited to, Cal. Lab.

13  Code §§ 201, 202, 203, 226, 226.7, 510, 512, 516, and 1194.  Plaintiffs are entitled to receive civil

14  penalties and attorney's fees pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code §

15  2698 *et seq.*, including but not limited to Cal. Lab. Code §§ 558 and 2699.

16                              **SEVENTH CAUSE OF ACTION**

17              **(Failure to Provide Meal Periods** __– California Only)__

18      [98] **100.**  Plaintiffs incorporate the allegations contained in all preceding paragraphs as though

19  fully set forth herein.

20      [99] **101.**  At all times material herein, Plaintiffs and all other similarly situated individuals

21  were employed by Defendant.

22      [100] **102.**  California law requires, in part, that employees receive an uninterrupted, unpaid

23  meal period of not less than 30 minutes for each shift over five hours.  ~~Oregon law also require that~~

24  ~~employees receive an uninterrupted, unpaid meal period of not less than 30 minutes.~~  As a result of

25  Defendant's failure to pay and/or provide uninterrupted meal periods of not less than 30 minutes as

26  required by the laws, rules, or regulations of California ~~or Oregon~~, Plaintiffs and all other similarly

27  situated employees are entitled to recover their wages for those meal periods, plus statutory wages

28  (California Plaintiffs & Class members) ~~and penalty wages (Oregon Class members)~~ as required by

1   the FLSA, and by California and Oregon law.  **US Bank also deducted purported meal periods**

2   **from the hours worked of Plaintiffs Ross, Burkhart, Housken, and Prasad and those similarly**

3   **situated even when a) the employee was working at least part of of the deducted time; b) the**

4   **employee was on duty during the deducted time; or c) the employee was not free to leave US**

5   **Bank's premises during the deducted time.**

6       [101]**103.**    During the class period, Defendant failed to pay statutory wages pursuant to

7   Cal. Lab. Code § 226.7.

8       [102] **104.**    Plaintiffs and all other similarly situated individuals seek unpaid wages,

9   statutory wages, and penalty wages.  In addition, Plaintiffs and those individuals similarly situated

10  seek costs, interest, disbursements, and attorney fees pursuant to the laws, rules, or regulations of

11  California or Oregon.

12                          **EIGHTH CAUSE OF ACTION**

13          **(Late Payment of Wages at End of Employment; Waiting Time)**

14      [103] **105.**    Plaintiffs incorporate the allegations contained in all preceding paragraphs as

15  though fully set forth herein.

16      [104] **106.**    At all times material herein, Plaintiffs and all other similarly situated

17  individuals in California, Oregon and Washington **and Oregon** were employed by Defendant.

18      [105] **107.**    During the class period, Defendant willfully failed to pay all wages to Plaintiffs

19  and all other similarly situated individuals in California, Oregon and Washington **and Oregon** when

20  due upon termination of their employment.  As to those class members who performed work in

21  California, Plaintiffs and all other similarly situated individuals are entitled to recover up to 30 days of

22  statutory wages for each pay period when wages were not paid when required by California law.  As

23  to those class members who performed work in the State of Oregon, Plaintiffs and all other similarly

24  situated are entitled to recover up to 30 days of continuing penalty wages pursuant to Oregon law.

25  Those who worked in Washington are due treble damages under Washington law.

26      [106] **108.**    Plaintiffs and all other similarly situated individuals seek up to 30 days of

27  penalty wages for Oregon violations, up to 30 days of statutory wages for California violations, and

28  treble damages for Washington violations for Defendant's failure to pay all final wages when due, plus

1   costs, pre-judgment and post-judgment interest, disbursements, and attorney fees, pursuant to the laws,

2   rules, or regulations of California, ~~Oregon and Washington~~ **and Oregon**.  Pursuant to the Private

3   Attorneys General Act of 2004, California Labor Code § 2698 et seq., Plaintiffs have received notice

4   from the California Labor and Workforce Development Agency of ~~Target's~~ **US Bank's** violations of

5   California law including, but not limited to, Cal. Lab. Code §§ 201, 202, 203, 226, 226.7, 510, 512,

6   516, and 1194.  Plaintiffs are entitled to receive civil penalties and attorney's fees pursuant to the

7   Private Attorney General Act of 2004, Cal. Lab. Code § 2698 et seq., including but not limited to Cal.

8   Lab. Code § 2699.

### NINTH CAUSE OF ACTION

#### (Breach of Contract)

11      [107] **109.**    Plaintiffs incorporate the allegations contained in all preceding paragraphs as

12   though fully set forth herein.

13      [108] **110.**    At all times material herein, Plaintiffs and other similarly situated individuals in

14   California, ~~Oregon and Washington~~ **and Oregon** were employed by Defendant.

15      [109] **111.**    Plaintiffs and all other similarly situated individuals, Plaintiffs agreed to work

16   for Defendant.  Defendant agreed to pay them wages and comply with the respective states' laws as

17   basic terms of the employment contract.   Plaintiffs performed their obligations under such contracts

18   which entitled them to seek enforcement of the contract.  As alleged herein and within the applicable

19   statutes of limitations in respect to the enforcement of contracts, Defendant breached this agreement

20   by failing to provide appropriate duty-free rest periods, failing to provide uninterrupted meal periods,

21   failing to pay wages, including the promised rate of pay, minimum wages, and overtime wages, and/or

22   failing to pay wages when due, pursuant to the FLSA and the laws, rules, or regulations of California,

23   ~~Oregon and Washington~~ **and Oregon**.

24      [110] **112.**    Within the applicable time period prior to the filing of this complaint up through

25   and including the present date through adjudication, Defendant's conduct as alleged herein has injured

26   Plaintiffs and other similarly situated individuals by depriving them of the benefit of their bargain: i.e.,

27   all wages due as a result of their employment.  Plaintiffs and all other similarly situated individuals are

28   entitled to damages in the form of unpaid wages for Defendant's breach of contract as provided by

1  applicable laws of California, ~~Oregon and Washington~~ **and Oregon**.

2  [111] **113.**      Defendant also breached the duty of good faith and fair dealing by making

3  policies and using practices and procedures which resulted in its failure to pay its employees all wages

4  when due under the contract.

5  [112] **114.**      Plaintiffs and all other similarly situated individuals seek payment of wages,

6  including the promised rate of wages, minimum wage, and overtime, for the work performed by

7  Plaintiffs and all other similarly situated individuals, all as set forth above.  Plaintiffs also seek the

8  payment of costs, and pre-judgment and post-judgment interest, pursuant to the laws, rules or

9  regulations of California, ~~Oregon and Washington~~ **and Oregon**.

10                    ~~**TENTH CAUSE OF ACTION**~~

11                    ~~**(Conversion of Wages)**~~

12  ~~113.    Plaintiffs incorporate the allegations contained in all preceding paragraphs above as~~

13  ~~though fully set forth herein.~~

14  ~~114].    At all times material herein, Plaintiffs and all others similarly situated in California,~~

15  ~~Oregon and Washington were employed by Defendant.~~

16  ~~115.    During the class period, Defendant failed to pay Plaintiffs and all other similarly~~

17  ~~situated individuals for those appropriate rest periods and/or meal periods that Defendant was required~~

18  ~~to provide, failed to pay all wages, including the truncated wages, minimum wages, and overtime~~

19  ~~wages, as required by Defendant's representations, the FLSA, and the laws of California, Oregon and~~

20  ~~Washington.  Defendant failed to pay wages for all hours worked. Defendant also failed to pay all~~

21  ~~those wages when due at the termination of employment.  Defendant owes monies to Plaintiffs and all~~

22  ~~other similarly situated individuals for failing to pay wages, and failure to pay wages when due, all as~~

23  ~~set forth above.~~

24  ~~116.    At the time Plaintiffs and all others similarly situated provided labor to Defendant,~~

25  ~~wages became due and payable to Plaintiffs and all others similarly situated for that labor.  At the~~

26  ~~termination of the employments of Plaintiffs and all other similarly situated individuals, their wages~~

27  ~~were due and owing and they were to be paid within the time allowed by the laws of California,~~

28  ~~Oregon and Washington.~~

1    ~~117.    The unpaid wages, statutory wages, and penalty wages were and are the property of~~
2    ~~Plaintiffs and all other similarly situated individuals and Plaintiffs and all other similarly situated~~
3    ~~individuals have the present right to possess their property.  By failing to pay earned wages, statutory~~
4    ~~wages, and penalty wages when due, Defendant intentionally and wrongfully obtained and held the~~
5    ~~wages earned by Plaintiffs and all others similarly situated.~~

6    ~~118.    Plaintiffs and all other similarly situated individuals did not consent to Defendant's~~
7    ~~conversion of their property and Plaintiffs and all other similarly situated individuals were injured by~~
8    ~~Defendant's conversion of the same.  Defendant's conversion of the property of Plaintiffs and all other~~
9    ~~similarly situated individuals was a substantial factor in causing the injury to Plaintiffs.~~

10   ~~119.    The wages, minimum wages, overtime wages, truncated wages, statutory wages, and~~
11   ~~penalty wages all remain due and unpaid and are the property of Plaintiffs and all other similarly~~
12   ~~situated individuals.  The wages set forth above remain in the hands of the Defendant.  Plaintiffs and~~
13   ~~all other similarly situated individuals seek the value of the property (unpaid wages, truncated wages,~~
14   ~~minimum wages, overtime wages, statutory wages, and penalty wages) at the time of the conversion,~~
15   ~~pre-judgment interest from that time, and fair compensation for the time and money properly~~
16   ~~expended in pursuit of the property pursuant to the laws of California, Oregon and Washington, plus~~
17   ~~punitive damages for Defendant's intentional act of converting the property of Plaintiffs and other~~
18   ~~similarly situated individuals.  See e.g. Cal. Civ. Code § 3294.~~

19                        **~~ELEVENTH~~ TENTH CAUSE OF ACTION**

20          **(Failure to Provide Accurate Itemized Wage Statements; Cal. Lab. Code § 226)**

21          [120] **115.**    Plaintiffs incorporate the allegations contained in all preceding paragraphs as

22   though fully set forth herein.

23          [121] **116.**    At all times material herein, Plaintiffs Ross**, Burkhart, Housken,** and Prasad

24   and all other similarly situated individuals were employed by Defendant in the State of California.

25          [122] **117.**    Defendant is required to comply with California wage and hour laws for its

26   California employees.  Defendant is required to provide accurate itemized wage statements for each

27   pay period to Plaintiffs and all other similarly situated individuals pursuant to California laws

28   including, but not limited to, Cal. Lab. Code §226.

1    [123] **118.**    Defendant failed to provide accurate itemized wage statements to Plaintiffs

2   Ross**, Burkhart, Housken,** and Prasad and all other similarly situated individuals who performed

3   work in the State of California, whereby Plaintiffs and all other similarly situated individuals were

4   harmed.

5    [124] **119.**    Plaintiffs Ross**, Burkhart, Housken,** and Prasad seek payment of statutory

6   damages pursuant to Cal. Lab. Code § 226(e) for each employee who did not receive accurate itemized

7   wage statements during their employment with Defendant.  Plaintiffs also seek the payment of costs,

8   interest, and attorney fees, pursuant to Cal. Lab. Code §§ 218.5 and 218.6.  Pursuant to the Private

9   Attorneys General Act of 2004, California Labor Code § 2698 *et seq.*, Plaintiffs have received notice

10   from the California Labor and Workforce Development Agency of ~~Target's~~ **US Bank's** violations of

11   California law including, but not limited to, Cal. Lab. Code §§ 201, 202, 203, 226, 226.7, 510, 512,

12   516, and 1194.  Plaintiffs are entitled to receive civil penalties and attorney's fees pursuant to the

13   Private Attorney General Act of 2004, Cal. Lab. Code § 2698 *et seq.*, including but not limited to Cal.

14   Lab. Code §§ 226.3 and 2699.5.

15                        **TWELFTH CAUSE OF ACTION**

16            **(Unfair Competition: Cal. Bus. & Prof. Code § 17200 *et seq.*)**

17    [125] **120.**    Plaintiffs incorporate the allegations contained in all preceding paragraphs as

18   though fully set forth herein.

19    [126] **121.**    At all times material herein, Plaintiffs Ross**, Burkhart, Housken,** and Prasad

20   and all other similarly situated individuals were employed by Defendant in the State of California.

21    [127] **122.**    Within the applicable time period prior to the filing of this complaint through

22   and including the present date through adjudication, Defendant failed to comply with the wage and

23   hour provisions of the State of California and the FLSA, as set forth herein.

24    [128] **123.**    Plaintiffs Ross**, Burkhart, Housken,** and Prasad, individually and on behalf of

25   the general public, allege that at all relevant times Defendant's actions including, but not limited to, its

26   violations of California law, California Labor Codes, and the FLSA, as set forth above, constitute a

27   continuing and ongoing unfair and unlawful activity prohibited by Cal. Bus. & Prof. Code § 17200 *et*

28   *seq.*, and justify restitution and/or injunctive relief.  The unlawful business practices of Defendant are

1  likely to continue, mislead the public (that employees are being provided appropriate duty-free rest

2  periods, are being provided uninterrupted meal periods, are being paid all wages, including the

3  promised rate of wages, minimum wage, and overtime, and are being timely paid), and shall present a

4  continuing threat to the public.  Defendant's actions of avoiding compliance with conditions of labor

5  and wage obligations and expenses are an unfair business practice.  These violations constitute a threat

6  and unfair business policy.  Plaintiffs Ross**, Burkhart, Housken,** and Prasad have suffered injury in

7  fact and have lost money or property as a result of such unfair competition.  The Court is authorized to

8  order restitution and/or an injunction as a remedy for any violations of Cal. Bus. & Prof. Code § 17200

9  *et seq.*  Plaintiffs Ross**, Burkhart, Housken,** and Prasad allege that Defendant violated California

10  Labor Code statutes.

11  [129] **124.**      Defendant has engaged in unfair business practices in California by utilizing the

12  illegal employment practices outlined above including, but not limited to, failing to provide Plaintiffs

13  Ross**, Burkhart, Housken,** and Prasad and all similarly situated individuals with appropriate duty-

14  free rest periods, failing to provide uninterrupted meal periods, failing to pay wages, minimum wages,

15  and overtime wages, and failing to compensate for sums due for labor, fees, and penalties.

16  Defendant's use of such practices constitutes an unfair business practice and unfair competition, and

17  provides an unfair advantage over Defendant's competitors.  Plaintiffs Ross**, Burkhart, Houken.** and

18  Prasad seek full restitution of said monies from Defendant, as necessary and according to proof, to

19  restore any and all monies withheld, acquired, or converted by Defendant by means of the unfair

20  practices complained of herein.

21  [130] **125.**      Plaintiffs Ross**, Burkhart, Housken,** and Prasad allege that, at all relevant

22  times, Defendant engaged in unlawful, deceptive, and unfair business practices prohibited by Cal. Bus.

23  & Prof. Code § 17200 *et seq.* including those set forth in the paragraphs above, thereby depriving

24  Plaintiffs and the public of the minimum working conditions and standards due them under California

25  Labor Code and IWC Wage Orders.

26  [131] **126.**      Private Attorneys General Act of 2004 (PAGA Damages):  Pursuant to the

27  Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.*, Plaintiff Prasad has given

28  notice, and Plaintiff Ross intends to give notice, to Defendant and to the California Labor and

1   Workforce Development Agency of Defendant's violations of Cal. Lab. Code §§ 201, 202, 203,

2   226(a), 226.7, 510, 512, 1194, and 1197.  After the notice period provided in Cal. Lab. Code § 2699.3,

3   Plaintiffs intend to amend this complaint to include civil penalties provided for in California law

4   including, but not limited to, Cal. Lab. Code §§ 226.3, 558, 1197.1, and 2699.

5                                        **PRAYER FOR RELIEF**

6          WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

7          1.      For all unpaid wages, including but not limited to regular wages, overtime wages

8   and/or premium pay wages, and minimum wages, pursuant to the FLSA,California, ~~Oregon, and/or~~

9   ~~and Washington~~ **and Oregon** laws in amounts to be determined at the time of trial;

10         2.      For all wages, liquidated damages, statutory wages, waiting time wages, penalty wages,

11  treble damages, and any other economic damages as provided by the FLSA, California,~~, Oregon,~~

12  ~~and/or  and Washington~~ **and Oregon** laws for failure to pay all wages when due;

13         3.      For wages, minimum wages, overtime wages and liquidated damages under the FLSA.

14  29 U.S.C. §§ 206, 207, and 216(b) for the period of three years prior to the filing of this action based

15  upon Defendant's intentional and willful failure to pay wages, minimum wages and overtime wages.

16  29 U.S.C. §§ 206, 207, 216(b), and 255;

17         4.      For statutory wages and damages pursuant to California law including, but not limited

18  to, Cal. Lab. Code §§ 203, 226, 226.7, and 510, for Defendant's failure to pay all wages, failure to pay

19  failure to pay minimum wages, failure to pay overtime wages, failure to pay final wages when

20  required by law, failure to provide employees with accurate itemized wage statements, and failure to

21  provide rest periods and meal periods or compensation in lieu thereof;

22         5.      For wages and penalty wages pursuant to Oregon law including but not limited to: Or.

23  Rev. Stat. §§ 652.140, 652.150, 652.615, 653.010, 653.025, 653.055, and 653.261, for Defendant's

24  deduction/withholding of Lost Time wages, failure to pay all wages, failure to pay minimum wages,

25  failure to pay overtime wages, failure to pay final wages when required by law, and failure to provide

26  rest periods ~~and meal periods~~ or compensation in lieu thereof;

27         ~~6.      For wages and liquidated damages for Defendant's failure to pay all wages, minimum~~

28  ~~wages, and overtime wages pursuant to Washington law, including but not limited to Wash. Rev. Code~~

---

                                      [Proposed] Second Amended Class Action Complaint
– Case No. C07-002951-SI

1  §§ 49.46.020, 49.46.130, and Chapter 49.12; WAC 296-136-092, and for wages and treble damages

2  for Defendant's failure to timely pay all wages when due upon the ending of the employment

3  relationship pursuant to Wash. Rev. Code § 49.48.010;

4      7.      Pursuant to Cal. Bus. & Prof. Code § 17203, that Defendant be preliminarily and

5  permanently enjoined from:  a) failing to provide employees mandatory duty-free rest periods, b)

6  failing to provide employees mandatory uninterrupted meal periods; c)  permitting and unlawfully

7  allowing employees to work hours instead of providing appropriate rest periods and meal periods, and

8  not paying civil statutory wages; d) permitting and unlawfully allowing employees to work hours

9  instead of receiving appropriate rest periods and meal periods without compensating the employees; e)

10  failing to pay employees all wages, including minimum wage and overtime; f) failing to provide

11  employees with accurate itemized wage statements; and g) failing to pay employees all wages due

12  upon termination of employment within the time proscribed by law;

13      8.      Pursuant to Cal. Bus. & Prof. Code §17203 and the equitable powers of this Court, that

14  Defendant be ordered to restore to Plaintiffs all funds acquired by means of any act or practice

15  declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Bus. &

16  Prof. Code §17200 *et seq.*;

17      9.      As restitution, disgorgement of wages and related sums, statutory wages, attorney fees,

18  and all other remedies available pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.*;

19      10.     For costs and disbursements, pre-judgment and post-judgment interest at the respective

20  rates set by the states and for costs of litigation and attorney fees pursuant to the FLSA, California and

21  Oregon laws;

22      11.     For payment of wages converted under California, Oregon and Washington laws,

23  together with pre-judgment and post-judgment interest thereon, plus costs, plus attorney fees;

24      12.     For punitive damages under California, Oregon and Washington laws for Defendant

25  conversion of wages; and

26      13.     For such further or alternative relief in favor of Plaintiffs and all class members as the

27  Court deems appropriate.

28  Dated: **May** ____, **2008**        Bailey Pinney, PC

1

2

3                              By _____
                               **Jose Mata**
                               **Attorney for Plaintiffs Ann Ross, Dennis Ramos,  Maurita Prasad,**
4                              **Tamara Burkhart, Nanette Housken and Kelly Smith**

5

          **Plaintiffs hereby demand a jury trial on all issues trialble by jury.**

6

7    **Dated: May _____, 2008**      **Bailey Pinney, PC**

8

9                              By _____
                               **Jose Mata**
10                             **Attorney for Plaintiffs Ann Ross, Dennis Ramos,  Maurita Prasad,**
                               **Tamara Burkhart, Nanette Housken and Kelly Smith**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28