IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN ROSS, *et al.*, | No. C 07-2951 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR CLARIFICATION** |
| v. | |
| US BANK NATIONAL ASSOCIATION, *et al.*, | |
| Defendants. | |

Plaintiffs have filed a motion to clarify the *Colorado River* stay as to the FLSA claims of the Oregon plaintiffs. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the May 14, 2008 hearing.

Plaintiffs seek clarification of the scope of the stay on the claims of the Oregon class. Specifically, plaintiffs assert that two FLSA claims should not be stayed: (1) plaintiff Ramos' claim that defendant required him to use an automated Excel weekly time sheet that cut time from his pay by always rounding his time down to the next lower tenth of an hour; and (2) plaintiff Smith's claim that defendant's sales and service managers (SSMs) were misclassified as exempt under FLSA.

With regard to plaintiff Ramos' claim, plaintiffs acknowledge that the motion for class certification in *Lowdermilk v. U.S. Bank National Association*, Oregon Circuit Court for Multnomah County Case No. 0603-03335, is still pending, and that the plaintiffs in that case are seeking certification of the automated rounding claim. Plaintiffs argue, however, that it is unlikely that the *Lowdermilk* court will certify the automated rounding claim, and thus they contend that this Court should permit the automated rounding claim to proceed in this case.

The Court finds plaintiffs' "clarification" motion disingenuous. Although plaintiffs believe that

the *Lowdermilk* court is unlikely to certify plaintiff Ramos' claim[1], the fact remains that the *Lowdermilk* plaintiffs are seeking certification of that claim, and that the motion for class certification in *Lowdermilk* is still pending. If the *Lowdermilk* court denies certification of the automated rounding claim, plaintiffs may file a motion to lift the stay in this case. In addition, if plaintiffs wish to pursue the automated rounding claim on behalf of the Washington and California classes, they may do so if they have an appropriate class representative.

With regard to plaintiff Smith's claim, plaintiffs' motion for clarification does not explain why that claim should not be stayed since the same claim is pending in *Tate v. U.S. Bank National Association*, Oregon Circuit Court for Multnomah County, Case No. 0607-07188. Instead, plaintiffs' motion confusingly asserts that after trial in the federal court in *McElmurry v. U.S. Bank National Association*, Oregon U.S. District Court Case No. 04-642-HA, Judge Haggerty made findings under FLSA that could simplify litigation of Smith's FLSA claim in this court. The *McElmurry* findings are not a basis for lifting the stay in this case; the Court imposed the *Colorado River* stay because the SSM claim is pending in state court in *Tate*.

However, for the first time in their reply brief, plaintiffs assert a new ground for allowing plaintiff Smith's SSM claim to proceed in this case, namely that the *Tate* plaintiffs have decided not to seek certification of the SSM claim in that case. Plaintiffs state that April 21, 2008 was the deadline for filing a motion for class certification in *Tate*, that no motion for class certification was filed, and that the plaintiffs in *Tate* will not be filing any appeals related to class certification.[2] Defendant has filed a surreply noting that this is a new argument raised for the first time in the reply brief, and that plaintiffs are not truly seeking clarification of the Court's earlier order, but in reality are seeking to lift the stay based upon new facts. Defendant asserts that plaintiffs should be required to file a motion to lift the stay so that these new developments can be fully addressed by the parties.

The Court agrees with defendant that plaintiffs have not properly presented the purported basis

---

[1] Plaintiff Ramos is a putative class member in *Lowdermilk*, and he filed a declaration in support of class certification describing his experience with the automated Excel timekeeping system. McCracken Decl. Ex. A-B.

[2] The *Tate* plaintiffs are represented by the same law firm as the plaintiffs in this action, and plaintiffs have submitted a declaration from lead counsel in *Tate*.

2

for allowing plaintiff Smith's SSM claim to proceed in this case. If plaintiffs wish to lift the stay on the SSM claim, they may file a motion to partially lift the stay, and defendant will have the opportunity to respond. Accordingly, the Court DENIES plaintiffs' motion for clarification. (Docket No. 84).

**IT IS SO ORDERED.**

Dated: May 12, 2008

SUSAN ILLSTON
United States District Judge