# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

DENNIS RAMOS and
KELLY SMITH,

             Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION,

             Defendant.

08-CV-1150-PK

ORDER

BROWN, Judge.

Magistrate Judge Paul Papak issued Findings and
Recommendation (#202) on February 18, 2009, in which he
recommended the Court deny Defendant U.S. Bank's Motion for
Partial Summary Judgment (#184) as to the class/collective
aspects of the claims alleged by Plaintiff Ramos on behalf of the
putative truncation class[1] and grant U.S. Bank's Motion as to the

---

[1] The putative truncation class is made up of employees
required to enter their time into an electronic timekeeping
software that allegedly truncated the hours entered.

1- ORDER

class/collective aspects of the claims alleged by Plaintiff Kelly
Smith on behalf of the putative Sales and Service Managers
employees (SSM) class.  Smith and U.S. Bank filed timely
Objections to the Findings and Recommendation.  The matter is now
before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal
Rule of Civil Procedure 72(b).

U.S. Bank asserts the Magistrate Judge erred when he
found the class/collective aspects of the claims alleged by Ramos
on behalf of the putative truncation class are not barred by
issue preclusion.  Smith asserts the Magistrate Judge erred when
he found the class/collective aspects of the claims alleged by
Smith on behalf of the SSM class are barred by issue preclusion.

When any party objects to any portion of the Magistrate
Judge's Findings and Recommendation, the district court must make
a *de novo* determination of that portion of the Magistrate Judge's
report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-*
*Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); United
*States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

## I.  Standards for issue preclusion.

"[I]ssue preclusion prevents parties from relitigating an
issue of fact or law if the same issue was determined in prior
litigation.  *Resolution Trust Corp. v. Keating*, 186 F.3d 1110,
1116 (9th Cir. 1999).

2- ORDER

## A.  Issue preclusion under federal law.

The preclusive effect of a federal case is governed by the federal doctrine of issue preclusion. *Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 (2008). Under federal law, issue preclusion applies when:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom [issue preclusion] is asserted was a party or in privity with a party at the first proceeding.

*Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1086 (9th. Cir. 2007).

## B.  Issue preclusion under Oregon law.

The preclusive effect of an Oregon case is governed by the Oregon doctrine of issue preclusion. *Dodd v. Hood River County*, 136 F.3d 1219, 1225 (9th Cir. 1998). Under Oregon law, issue preclusion applies when:

> (1)  The issue in the two proceedings is identical.
>
> (2)  The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.
>
> (3)  The [plaintiffs] had a full and fair opportunity to be heard on that issue.
>
> (4)  The [plaintiffs were parties in] or w[ere] in privity with a party to the prior proceeding.
>
> (5)  The prior proceeding was the type

3- ORDER

> of proceeding to which [Oregon courts] will
> give preclusive effect.

Privity "includes . . . those whose interests are represented by
a party to the action." *D'Amico ex rel. Tracey v. Ellinwood,*
209 Or. App. 713, 718 (2006).

It is undisputed that final judgments on the merits were
entered in the primary cases relied on by the parties. In
addition, the elements of the state and federal tests at issue
here (identity of the issues and privity of the parties) are the
same under both federal and state law.

## II. U.S. Bank's Objections to the Magistrate Judge's Findings and Recommendation.

U.S. Bank asserts the Magistrate Judge erred when he
(1) found the electronic software in this case and the paper
timesheets used by the plaintiffs in *McElmurry v. U.S. Bank
National Association*, No. 04-CV-642 (D. Or. Oct. 1, 2004)
(Haggerty, J.), differed substantially; (2) found Ramos was not
adequately represented by the plaintiffs in *McElmurry*; (3) found
the timesheets of Ramos and the plaintiff in *Lowdermilk v. U.S.
Bank National Association*, No. 0603-03335 (Or. Cir. Ct. Aug. 4,
2006), differed substantially; and (4) found Ramos was not a
class member nor in privity with the plaintiffs in *Lowdermilk*.

### A. Ramos's issue is not identical to the issue in *McElmurry*.

U.S. Bank objects to the Magistrate Judge's finding that the

issue raised in the *McElmurry* case is not identical to the issue raised by Ramos in this case. U.S. Bank asserts the evidence in both cases overlaps because the timesheets considered by the court in *McElmurry* are identical to those used by Ramos.

The record reflects the *McElmurry* court acknowledged the plaintiffs narrowed their putative class to employees who used a specific timesheet that was completed manually using a conversion chart. *McElmurry*, Findings and Recommendation at 24. In contrast, Ramos alleges he and the putative class represented by him used electronic timesheets that automatically truncated their hours. Thus, the Magistrate Judge found the timesheets in each case differ substantially.

## B. Ramos and the putative truncation class were not adequately represented by the *McElmurry* plaintiffs.

U.S. Bank also objects to the Magistrate Judge's finding that the interests of the putative class represented by Ramos were not adequately represented by the *McElmurry* plaintiffs. U.S. Bank asserts the putative *McElmurry* class encompassed U.S. Bank employees, including Ramos, whose hours were reduced because of U.S. Bank's rounding methods. U.S. Bank contends the Magistrate Judge here defined the *McElmurry* class too narrowly when he found it was limited to employees who used manual timesheets and that it did not include those who used the same electronic timesheets as Ramos. As noted, however, the

plaintiffs in *McElmurry* narrowed their putative class to employees who used a specific timesheet that was completed manually using a conversion chart. Thus, the Magistrate Judge concluded the *McElmurry* plaintiffs did not act in a representative capacity for Ramos because they only represented potential class members who used the same timesheets as they did; *i.e.*, manual timesheets.

In summary, the Court concludes on this record that the Magistrate Judge did not err when he found the issue in *McElmurry* and the issue raised by Ramos are not identical and that the interests of Ramos were not adequately represented by the *McElmurry* plaintiffs. Accordingly, the Court concludes the class/collective aspects of the claims alleged by Ramos on behalf of the putative truncation class are not barred by issue preclusion.

## C.   Ramos's issue is not identical to the issue in *Lowdermilk*.

U.S. Bank objects to the Magistrate Judge's finding that the issue raised in *Lowdermilk* is not identical to the issue raised by Ramos in this case. U.S. Bank bases its objection on its belief that the issues are identical because the timesheets are identical. The Magistrate Judge, however, found the timesheets differed substantially. The record reflects the plaintiff in *Lowdermilk* did not use the electronic timesheet

6- ORDER

that automatically rounded her hours downward. *Lowdermilk*, Opin.
and Order at 4. In fact, the *Lowdermilk* court excluded from
consideration the electronic timesheet submitted in that case by
Ramos precisely because the *Lowdermilk* plaintiff did not use it.

## D. Ramos and the putative truncation class were not adequately represented by the *Lowdermilk* plaintiff.

U.S. Bank objects to the Magistrate Judge's finding that the
interests of the putative class represented by Ramos were not
adequately represented by the *Lowdermilk* plaintiff. U.S. Bank
points out that Ramos even submitted deposition testimony in
*Lowdermilk* regarding his electronic timesheets.

The *Lowdermilk* court noted the plaintiff manually calculated
her hours using a conversion chart and sometimes rounded up and
sometimes rounded down. Opin. and Order at 4-5. Her rounding
method actually resulted in a net gain of hours whereas Ramos
alleges the use of his electronic timesheets always results in a
loss of hours. Opin. and Order at 3-4. Thus, the *Lowdermilk*
court specifically found the timesheet used by the plaintiff and
the timesheet used by Ramos differed substantially and the
plaintiff had never used the same electronic timesheets as Ramos.
The *Lowdermilk* court, therefore, concluded the plaintiff could
not adequately represent the interests of Ramos. *Lowdermilk*,
Opin. and Order at 4. The Magistrate Judge agreed with the
*Lowdermilk* court.

7- ORDER

In summary, the Court concludes on this record that the
Magistrate Judge did not err when he found the issue in
*Lowdermilk* and the issue raised by Ramos are not identical and
that Ramos was not adequately represented by the *Lowdermilk*
plaintiff.  Accordingly, the class/collective aspects of the
claims alleged by Ramos on behalf of the truncation class are not
barred by issue preclusion.

## III. Smith's Objections to the Magistrate Judge's Findings and Recommendation.

Smith asserts the Magistrate Judge erred when he (1) found
the issue raised in *McElmurry v. U.S. Bank National Association*,
No. 04-CV-642 (D. Or. Dec. 6, 2006)(Haggerty, J.), as to the
SSMs' claims is identical to the issue raised by Smith and
(2) found Smith was adequately represented by the *McElmurry*
plaintiffs.

### A.   Smith's issue is identical to the issue in *McElmurry*.

To determine whether an issue is identical for purposes of
issue preclusion, the Court considers the following factors:

> (1)  [I]s there a substantial overlap
> between the evidence or argument to be
> advanced in the second proceeding and that
> advanced in the first?
>
> (2)  [D]oes the new evidence or argument
> involve the application of the same rule of
> law as that involved in the prior proceeding?
>
> (3)  [C]ould pretrial preparation and
> discovery related to the matter presented in
> the first action reasonably be expected to
> have embraced the matter sought to be

                    presented in the second?

                    (4)   [H]ow closely related are the
               claims involved in the two proceedings?

*Resolution Trust Corp.*, 186 F.3d at 1116.

          The Magistrate Judge applied the above factors and

determined the evidence in this case and in *McElmurry* is

substantially similar, the same law governs the SSMs' claims in

the two cases, the pretrial work embraces the same subject

matter, and the SSMs' claims are closely related.  The Magistrate

Judge, therefore, properly concluded the issue in these two cases

is identical.

          Nevertheless, Smith argues the Magistrate Judge erred when

he did not certify the SSM collective in this case because the

Magistrate Judge did not consider a "recent trend" in the Ninth

Circuit to require certification of Fair Labor Standards Act

(FLSA) collectives when the employer relies on a general job

description to implement a blanket exemption from state and

federal overtime laws and regulations for certain employees

despite the actual duties performed by those employees.  *See*,

*e.g.*, *In re Wells Fargo Home Mortgage Overtime Pay Litig.*,

527 F. Supp. 2d 1053 (N.D. Cal. 2007).  The Court, however, notes

the Magistrate Judge relied on the test set out in *Resolution*

*Trust*, which remains the controlling rule of law, and the

Magistrate Judge properly applied that test here.

9- ORDER

Smith also argues the issues are different in the two cases because she has requested certification of a class or collective under both the FLSA and Federal Rule of Civil Procedure 23 whereas the *McElmurry* plaintiffs sought and were denied certification only under the FLSA. Smith points out the standards for certification of an FLSA collective are not identical to the standards for class certification under Federal Rule of Civil Procedure 23. Smith is correct that the "similarly situated" standard for FLSA certification applied in *McElmurry* is "less stringent than the requirement under [Rule] 23." *See Ballaris v. Wacker Siltronic Corp.*, No. 00-CV-1627, WL 1335809, at *2 (D. Or. Aug. 24, 2001). Thus, if a putative class of U.S. Bank SSMs alleging claims for failure to pay overtime wages based on an improper classification as exempt employees were unable in *McElmurry* to meet the less stringent burden required for FLSA certification, then the putative class of U.S. Bank SSMs represented by Smith, who allege the same claims as the *McElmurry* plaintiffs, would not be able to meet the standards for certification under either the FLSA or the stricter requirements of Rule 23.

On this record, the Court concludes the Magistrate Judge did not err when he concluded the issues raised as to the SSMs in *McElmurry* and the issue here are identical. Accordingly, the

10- ORDER

class/collective aspects of the claims alleged by Smith on behalf
of the SSM class are barred by issue preclusion.

**B.   Smith and the putative SSM class were adequately represented
by the *McElmurry* plaintiffs.**

Smith objects to the Magistrate Judge's finding that the SSM
class represented by Smith was adequately represented by the
*McElmurry* plaintiffs and that Smith could have opted into the
*McElmurry* class if it had been certified. The Magistrate Judge
based his finding that Smith could have opted into the *McElmurry*
class on the erroneous assumption that Smith began working as an
SSM at U.S. Bank in April 2004 and that the putative *McElmurry*
class closed on May 11, 2004. It is undisputed, however, that
Smith began working at U.S. Bank as an SSM in June 2004. The
Magistrate Judge, therefore, erred when he found Smith could have
opted into the *McElmurry* class.

Nevertheless, the proper question is whether the *McElmurry*
plaintiffs' representation of the interests of Smith and the
putative class represented by her was "'adequate' for preclusion
purposes." *See Taylor*, 128 S. Ct. at 2176 (citation omitted).
The Magistrate Judge found the interests of Smith and those of
the *McElmurry* plaintiffs were aligned because the plaintiffs in
both cases alleged the same claims with only a temporal variation
and the plaintiffs in both cases "sought vindication of the same
rights." In addition, the record does not reflect the job duties

11- ORDER

of the various SSMs have changed from what they were when the
*McElmurry* court concluded they varied too much to certify as a
collective. Moreover, the Magistrate Judge specifically pointed
out that the *McElmurry* plaintiffs were aware they were acting in
a representative capacity for all U.S. Bank SSMs and that the
*McElmurry* plaintiffs alleged the same claims as those alleged by
the members of the putative class now represented by Smith. In
addition, as noted, Smith's putative SSM class opened as early as
April 6, 2004, and the putative SSM class in *McElmurry* closed May
11, 2004, and, thus, the periods in which their claims arose
overlapped.

On this record, the Court concludes the Magistrate Judge did
not err when he concluded Smith was adequately represented by the
*McElmurry* plaintiffs. Accordingly, the class/collective aspects
of the claims alleged by Smith on behalf of the putative class of
SSMs are barred by issue preclusion.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and
Recommendation (#202) and, accordingly, **DENIES** Defendant
U.S. Bank's Motion for Partial Summary Judgment (#184) as to the
class/collective aspects of the claims alleged by Plaintiff Ramos
on behalf of the putative truncation class and **GRANTS** U.S. Bank's
Motion as to the class/collective aspects of the claims alleged

12- ORDER

by Plaintiff Smith on behalf of the putative Sales and Service
Managers employees (SSM) class.

IT IS SO ORDERED.
DATED this 20ᵗʰ day of May, 2009.

_anna brown_

ANNA J. BROWN
United States District Judge

13- ORDER