FILED
NOV 16 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS RAMOS and KELLY SMITH,

Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION,

Defendant.

CV 08-1150-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

Dennis Ramos, Kelly Smith, Ann Ross, and Maurita Prasad filed a class action lawsuit against U.S. Bank National Association ("U.S. Bank") in the Superior Court for the State of California for the County of Alameda on April 4, 2007. The plaintiffs alleged the defendant's liability for violations of federal, California, Washington, and Oregon wage and hour law. U.S. Bank removed the action to the Northern District of California effective June 7, 2007. The

claims of plaintiffs Ramos and Smith, and those of the classes they putatively represented, were severed from those of their co-plaintiffs and transferred to the District of Oregon on September 30, 2008.

In this district, plaintiffs Ramos and Smith have twice amended their complaint in an effort to clarify which of the several claims asserted in the previous California proceedings would be pursued by the plaintiffs in these Oregon proceedings, and by which putative classes, first on December 15, 2008, and subsequently on January 12, 2009. On February 18, 2009, I recommended granting partial summary judgment in favor of U.S. Bank on the ground that plaintiff Smith was precluded from representing the class she putatively represented, and on May 20, 2009, Judge Brown adopted my recommendation without modification. In consequence, plaintiffs currently allege on behalf of Ramos and others similarly situated claims for failure to pay wages and failure to pay overtime in violation of Oregon and federal statutory law, on behalf of Smith, a claim for failure to pay overtime in violation of Oregon and federal statutory law, and on behalf of all named and absent plaintiffs, a claim for failure to pay all wages due and owing at the end of employment in violation of Oregon statutory law.

In July 2009, all named parties consented to magistrate jurisdiction.

Now before the court is U.S. Bank's motion (#228) for partial summary judgment as to the federal claims asserted on behalf of the absent members of the class putatively represented by Ramos, and to strike the state claims asserted on behalf of the absent members of the class putatively represented by Ramos. I have considered the motion, oral argument on behalf of the parties, and all of the pleadings on file. For the reasons set forth below, U.S. Bank's motion for partial summary judgment is granted in part and denied in part, and its motion to strike is denied.

## LEGAL STANDARDS

### I. Partial Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied,* 116 S.Ct. 1261 (1996). In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *See, e.g., Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

### II. Motion to Strike

> In conducting an action under [Federal Civil Procedure Rule 23], the court may issue orders that:
>
> > * * *
> >
> > (D) require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly; or
> >
> > (E) deal with similar procedural matters.

Fed. R. Civ. P. 23(d).

## FACTUAL BACKGROUND

### I. Plaintiff Ramos

Ramos was employed by defendant U.S. Bank in its Portland, OR, U.S. Bank Tower location during the period from 2000 to 2005. He asserts that, apparently beginning in 2005, he and other employees in his work-group at the Bank Tower location were required to enter their time into an electronic timekeeping spreadsheet that automatically truncated time entries downwards to the next lower tenth of an hour (specifically as opposed to *rounding* the time entries to the *nearest* tenth of an hour). He alleges that he worked periods of time that did not divide evenly into tenths of an hour during the year 2005, and in consequence was not fully compensated for his work time. He seeks unpaid overtime and wages, and seeks to represent a class of similarly situated current and former hourly employees of U.S. Bank employed at its Bank Tower location (the "truncation class"), including both persons from Ramos' own workgroup who are now known to have used the same spreadsheet as Ramos for recording their time entries, and persons from other work groups alleged on plaintiffs' information and belief to have used the same or a similar spreadsheet.

### II. Procedural History

#### A. Parties and Consent to Join Action

This action was filed April 4, 2007, in the Superior Court for the State of California for the County of Alameda. The action was removed to the Northern District of California effective June 7, 2007. On August 17, 2007, Smith and Ramos, among other named plaintiffs, filed a notice of consent to join the action as party-plaintiffs. The claims of plaintiffs Ramos and Smith, and those of the classes they putatively represented, were severed from those of their co-plaintiffs

in the California action and transferred to the District of Oregon on September 30, 2008. On May 20, 2009, this court ruled that Smith could not proceed as a representative of a class. No absent member of the class putatively represented by Ramos has filed a consent to join this action.

**B. Class Discovery**

In the course of discovery in this action, U.S. Bank has made available for plaintiffs' inspection all timesheets submitted during 2005 by employees working in its U.S. Bank Tower and Plaza locations, and has produced copies of all such timesheets that "looked like" the one used by Ramos. Timesheets that "looked like" the one used by Ramos were used by a total of 34 employees, all of whom worked in Commercial Loan Services, Ramos' work-group. None of these employees used a timsesheet that looked like Ramos' timesheet on any date following August 26, 2005, the date U.S. Bank told Commercial Loan Services employees to stop using that allegedly truncating timesheet.

According to U.S. Bank's evidence, U.S. Bank has not inspected or collected timesheets from any year other than 2005 in connection with plaintiffs' discovery requests, nor has U.S. Bank inspected or collected timesheets used by employees working in any U.S. Bank location other than the Tower or Plaza.

Of the 34 employees whose timesheets were produced to plaintiffs, it appears that 23 had at least one identifiable instance of truncation in his or her 2005 timesheets. Of those 23 employees, the records of 13 displayed truncation errors only, with no instances of upward rounding, whereas 10 displayed a mix of truncation and upwards rounding.

## ANALYSIS

### I. Motion for Partial Summary Judgment

Plaintiffs' federal claims are all premised on U.S. Bank's alleged violation of the Fair Labor Standards Act (the "FLSA"). No plaintiff may become a party plaintiff in any collective action under the FLSA without first filing a consent to join the action in the court in which the action is pending. *See* 29 U.S.C. § 216(b). The applicable statutory limitations period for an FLSA claim is two years, unless the alleged violation is "willful," in which case the limitations period is three years. 29 U.S.C. § 255(a). Accordingly, for limitations period purposes, willful violations of the FLSA are actionable only to the extent they occurred within the three-year period preceding the date the affected plaintiff's consent to join is filed in court, and non-willful violations of the FLSA are actionable only to the extent they occurred within the two-year period preceding the date the affected plaintiff's consent to join is filed. *See* 29 U.S.C. § 256(b).

The evidence in the record thus establishes that all putative truncation-class members' FLSA claims are necessarily time-barred – but only to the extent that their claims are premised on violations of the FLSA that took place in 2005 (or at any other time prior to the date three years before the date of this order). Because the record contains no information as to whether any timesheet incorporating a truncating formula – regardless of whether it "looked like" the truncating timesheet used by Ramos – was used by any U.S. Bank employee at any time in or after November 2006, however, the evidentiary record leaves open the possibility that some putative truncation class members may exist who, within the past three years, used a timesheet that truncated their time entries. Unless and until U.S. Bank offers evidence into the record to establish that no truncating timesheet was used by any of its employees at any time during the

past three years,[1] there will remain a question of material fact as to whether putative class members may come forward whose FLSA claims are not time-barred.

For the foregoing reasons, U.S. Bank's motion for partial summary judgment is granted as to the FLSA claims asserted on behalf of all absent members of the putative truncation class to the extent predicated on the use of a truncating timesheet at any time prior to the date three years before each such member consents to join the truncation class, and denied as to those claims to the extent predicated on the use of a truncating timesheet after that date.

## II. Motion to Strike

Federal Civil Procedure Rule 23 provides that plaintiffs may represent a class of similarly situated persons in a class action lawsuit only where:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). U.S. Bank now moves to strike from plaintiffs' complaint all allegations regarding the certifiability of the truncation class putatively represented by Ramos on the grounds

[1] Such evidence could be, but would not need to be, in the form of exhaustive production of all timesheets submitted during the past three years. In lieu of such burdensome production, U.S. Bank could, for example, offer into the record samples of submitted timesheets, including at least one exemplar of each "variety" of timesheet used, along with declarations or affidavits establishing that every variety is represented in the sample. Assuming that the samples contained information sufficient to establish that none of the timesheets automatically truncated employee time entries, such an offer of proof would be sufficient to carry U.S. Bank's burden as to the FLSA claims asserted on behalf of all absent truncation class members.

that evidence in the record forecloses the possibility that plaintiffs will be able to establish the element of numerosity.[2]

As U.S. Bank correctly notes, in the context of a motion to certify a class, it is the plaintiffs who bears the burden to establish that the class is certifiable. However, in the context of a motion to *strike* class allegations, in particular where such a motion is brought in advance of the close of class discovery, it is properly the defendant who must bear the burden of proving that the class is *not* certifiable.

U.S. Bank asserts that the entire universe of putative class members is limited to a maximum of 23 persons, specifically, the 23 employees (out of 34 employees whose timesheets have been produced to plaintiffs) whose timesheets from 2005 "looked like" Ramos' timesheet and reflected at least one instance of truncation. However, because (as discussed above) U.S. Bank has neither inspected nor collected employee timesheets from any year other than 2005 – the evidentiary record leaves open the possibility that the truncation class includes putative members other than the 23 already identified, who suffered truncation of their hours worked during any other year within the applicable limitations period.[3] Thus, U.S. Bank has failed to carry its burden of proof as to its assertion that the putative truncation class numbers at most 23 persons.

---

[2] Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see also Wilcox Dev. Co. v. First Interstate Bank, N.A.*, 97 F.R.D. 440, 443 (D. Or. 1983) (citation omitted) (stating, "as a 'rough rule of thumb,' approximately forty members is sufficient to satisfy the numerosity requirement).

[3] The limitation period applicable to the putative class' s Oregon claims is six years, *see* O.R.S. 12.080, and was tolled as of April 4, 2007, the date this action was filed, *see Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974).

Because the current evidentiary record leaves open the possibility that plaintiffs may be able to establish the element of numerosity as to the putative truncation class, U.S. Bank's motion to strike is denied, with leave to refile in the event additional material evidence bearing on the certifiability of the truncation class becomes available.

**CONCLUSION**

For the reasons set forth above, U.S. Bank's motion (#228) is granted in part and denied in part to the extent it seeks partial summary judgment as to the federal claims asserted on behalf of the absent members of the class putatively represented by Ramos, and denied to the extent it seeks to strike the state claims asserted on behalf of the absent members of the class putatively represented by Ramos. Specifically, the motion is granted as to the FLSA claims asserted on behalf of all absent members of the putative truncation class to the extent predicated on the use of a truncating timesheet at any time prior to the date three years before each such member consents to join the truncation class, and otherwise denied.

Dated this 16th day of November, 2009.

Honorable Paul Papak
United States Magistrate Judge