FILED
NOV 17 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS RAMOS and KELLY SMITH,

    Plaintiffs,

v.

CV 08-1150-PK

OPINION AND ORDER

U.S. BANK NATIONAL ASSOCIATION,

    Defendant.

PAPAK, Magistrate Judge:

Dennis Ramos, Kelly Smith, Ann Ross, and Maurita Prasad filed a class action lawsuit against U.S. Bank National Association ("U.S. Bank") in the Superior Court for the State of California for the County of Alameda on April 4, 2007. The plaintiffs alleged the defendant's liability for violations of federal, California, Washington, and Oregon wage and hour law. U.S. Bank removed the action to the Northern District of California effective June 7, 2007. The

Page 1 - OPINION AND ORDER

claims of plaintiffs Ramos and Smith, and those of the classes they putatively represented, were severed from those of their co-plaintiffs and transferred to the District of Oregon on September 30, 2008.

In this district, plaintiffs Ramos and Smith have twice amended their complaint in an effort to clarify which of the several claims asserted in the previous California proceedings would be pursued by the plaintiffs in these Oregon proceedings, and by which putative classes, first on December 15, 2008, and subsequently on January 12, 2009. On February 18, 2009, I recommended granting partial summary judgment in favor of U.S. Bank on the ground that plaintiff Smith was precluded from representing the class she putatively represented, and on May 20, 2009, Judge Brown adopted my recommendation without modification. In consequence, plaintiffs currently allege on behalf of Ramos and others similarly situated claims for failure to pay wages and failure to pay overtime in violation of Oregon and federal statutory law, on behalf of Smith, a claim for failure to pay overtime in violation of Oregon and federal statutory law, and on behalf of all named and absent plaintiffs, a claim for failure to pay all wages due and owing at the end of employment in violation of Oregon statutory law.

In July 2009, all named parties consented to magistrate jurisdiction.

Now before the court is plaintiffs' informal letter motion to compel discovery responses, dated September 18, 2009. I have considered the motion, oral argument on behalf of the parties, and all of the pleadings on file. For the reasons set forth below, the letter motion to compel is granted in part and denied in part, as discussed below.

## LEGAL STANDARDS

### I. Scope of Permissible Discovery, Generally

Federal Civil Procedure Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, the district courts should limit the scope of discovery under specified circumstances, as follows:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

### II. Motion to Compel

As noted above, Federal Civil Procedure Rule 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Rule 26(b)(1) is

Page 3 - OPINION AND ORDER

to be construed broadly, and encompasses any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 351 n. 12 (1978).

If a party elects to oppose a propounding party's discovery requests, the opposing party bears the burden of establishing that the discovery is overly broad, unduly burdensome or not relevant. *See Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-4 (S.D. Ind. 2000). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condominium Owners Assoc.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see also Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006).

Federal Civil Procedure Rule 37(a)(3)(B) empowers a propounding party to "move for an order compelling an answer, designation, production, or inspection" if:

(i) a deponent fails to answer a question asked under Rules 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33, or

(iv) a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.

Fed. R. Civ. Pro. 37(a)(3)(B). Moreover, Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 26 provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. Pro. 26(b)(1).

# FACTUAL BACKGROUND

## I. Plaintiff Ramos

Ramos was employed by defendant U.S. Bank in its Portland, OR, U.S. Bank Tower location during the period from 2000 to 2005. He asserts that, apparently beginning in 2005, he and other employees in his work-group at the Bank Tower location were required to enter their time into an electronic timekeeping spreadsheet that automatically truncated time entries downwards to the next lower tenth of an hour (specifically as opposed to *rounding* the time entries to the *nearest* tenth of an hour). He alleges that he worked periods of time that did not divide evenly into tenths of an hour during the year 2005, and in consequence was not fully compensated for his work time. He seeks unpaid overtime and wages, and seeks to represent a class of similarly situated current and former hourly employees of U.S. Bank employed at its Bank Tower location (the "truncation class"), including both persons from Ramos' own workgroup who are now known to have used the same spreadsheet as Ramos for recording their time entries, and persons from other work groups alleged on plaintiffs' information and belief to have used the same or a similar spreadsheet.

## II. History of the Parties' Discovery Dispute

In their first set of requests for production, plaintiffs requested that U.S. Bank:

> Produce all electronic data representing information contained in the Weekly Time Reports for all hourly employees working at the U.S. Bank Tower in the year 2005.

\* \* \*

> Produce all formula(s) used by Defendant's computer or software systems which calculated hours worked by any hourly employee at the U.S. Bank Tower in Portland, Oregon, during the year 2005.

Page 5 - OPINION AND ORDER

First Requests for Production, Nos. 8 and 12. In their third set of requests for production, plaintiffs requested that U.S. Bank:

> Produce all Weekly Time Reports and electronic data representing information contained in the Weekly Time Reports for all hourly employees working at the U.S. Bank Tower in the six years preceding April 9, 2007, excluding the year 2005. This request includes, but is not limited to, formula(s) contained in the electronic versions of the Weekly Time Reports.

Third Requests for Production, No. 1. In their first set of interrogatories, plaintiffs requested that U.S. Bank:

> Identify the name, social security number, and last known address of any hourly employee who worked at the U.S. Bank Tower in Portland, Oregon, for U.S. Bank between April 16, 2005, and October 29, 2005.

First Interrogatories, No. 1.

U.S. Bank has made available for plaintiffs' inspection all timesheets from the year 2005 only for all employees employed in U.S. Bank's Tower and Plaza locations. Other than this production, U.S. Bank has refused to produce documents or information responsive to any of the foregoing discovery requests.

## ANALYSIS

Plaintiffs contend that the requested discovery is reasonably calculated to lead to the production of admissible evidence relevant to Ramos' claims. U.S. Bank, by contrast, argues that it should not be compelled to respond to the discovery requests because the production it has already made is sufficient for plaintiffs to determine whether Ramos represents a certifiable class. U.S. Bank argues that it should not be required to undertake the burden of responding to the discovery requests until after a class certification determination has been made. I find U.S. Bank's argument unpersuasive. At this time, only U.S. Bank has access to the evidence which

will determine whether the putative truncation class is certifiable, namely, evidence which will establish conclusively whether or not a spreadsheet that automatically truncated time entries was used by numerous U.S. Bank employees at any time within the limitations period applicable to any of Ramos' claims. Determination of the certifiability of the putative class cannot properly take place, in the absence of evidence foreclosing the possibility of certifiability, before class-related discovery is complete.

To the extent the motion seeks timesheets from years other than 2005, U.S. Bank argues that plaintiffs have no need for the information in order to determine whether the truncation class is certifiable. This self-serving argument is clearly incorrect. If discovery were to establish that numerous employees used a truncating timesheet in any year from 2001 through 2004, or from 2006 to the present, such facts would be clearly material to the certifiability issue.

U.S. Bank further argues that it should not be compelled to respond to plaintiffs' discovery requests because plaintiffs have not proven that the any timesheet similar to the one used by Ramos was used by any U.S. Bank employee in any year other than 2005. This argument, too, is both self-serving and unpersuasive. It is U.S. Bank, and not the plaintiffs, which bears the burden to establish that the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence. Here, as I recently noted in the context of deciding U.S. Bank's motion (#228) for partial summary judgment, the evidentiary record leaves open the possibility that truncating timesheets were used by U.S. Bank employees in years other than 2005. In consequence, the requested discovery is within the scope of Rule 26(b)(1).

Because U.S. Bank has not met its burden to establish that the requested documents and information are not discoverable, plaintiffs' informal letter motion to compel discovery responses

Page 7 - OPINION AND ORDER

is granted, at least in part. U.S. Bank is ordered to respond to First Requests for Production, Requests Nos. 8 and 12, and to Third Requests for Production, Request No. 1, with responsive documents, to the extent those documents have not already been produced or made available for inspection. In addition, U.S. Bank is ordered to respond to First Interrogatories, Interrogatory No. 1, except that, in order to protect the privacy interests of U.S. Bank's current and former employees, it need not respond to that portion of Interrogatory No. 1 that requests employee Social Security numbers.

## CONCLUSION

For the reasons set forth above, plaintiffs' informal letter motion, dated September 18, 2009, is granted in part and denied in part. Specifically, the motion is denied as to that portion of Interrogatory No. 1 that requests employee Social Security numbers, and is otherwise granted.

Dated this 17th day of November, 2009.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge